Collier *vs.* The State of Georgia.

---

JAKE COLLIER, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant in error.

1. The charge of the Court, under the facts of this case, was not error.
2. If a man shoot with a pistol at another, and hit him, the law presumes, *prima facie*, that he did it with malice.  Nor does the proof that the parties had been friendly, and that the person shooting expressed regret immediately afterwards, rebut the presumption.  One has no right to shoot at another, with a loaded pistol, in sport.  If he does so, he is responsible for the consequences ; and the law will imply malice from the recklessness of the act.

Assault with intent to murder.    Tried before Judge CLARK.    Dougherty Superior Court.    December Term, 1868.

Jake Collier, a negro, was indicted and convicted of an

assault, with an intent to murder Jesse Williams, another negro. The circumstances of the shooting, as detailed by Williams, were as follows:—Jake came into the cotton patch, where Jesse was picking cotton, and said to him, "I am after you." Jesse ran off a piece. Jake said, "Come back, I won't hurt you; if you run, I will shoot you." Jesse came back; and Jake said, "If you stand, I will whip you." Jesse came back a little way, and Jake told him, if he ran he would shoot him, and presented his pistol. Jesse told him not to shoot; but, about that time, he shot, and hit Jesse in the thigh (where the ball still remained at the trial). Jake went towards Jesse then, and Jesse said, "Don't shoot me, Jake; you have shot me." Then Jake pulled up a cotton stalk, and started to strike Jesse: Jesse told Jake that he had shot him; and then Jake told Jesse to say nothing about it, and went off. Then Jake said, he would not have done it for $100; and would pay for all Jesse's lost time, if he would say nothing about it; and Jake went down to the end of the row, and told Jesse's wife the same. Jake was armed with a pistol, a sword, and a double-barrelled shot gun. Upon cross-examination, it appeared that Jake was twenty-one years old; had been raised by Jesse's wife and was on terms of great intimacy with Jesse, and frequently had frolics with him; that his route to the place where he was going was through said cotton patch; that he had been close to Jesse, and could have shot him then; did not appear angry, nor attempt to use the shot-gun, though Jesse was seventy-five yards from him when he shot. When Jake shot him, he ran up and said, "Lord! I have shot him," and told another negro that he had shot him. Several other negroes were present at the shooting; one of them was examined, and narrated the circumstances about as Jesse had done.

The Judge charged the jury as follows:—

"If you believe that Jake Collier told Jesse that, if he stood he would whip him, and if he run he would shoot him, and that Jesse ran, and Jake presented a pistol within shooting distance, and fired at Jesse, intending at the time

Collier *vs.* The State of Georgia.

to fire at him, and actually shot and wounded him—he is guilty of an assault with intent to murder, and it will be your duty so to find. If, when he presented the pistol, he intended to fire, and actually fired, it makes no difference whether malice is proven or not, the law presumes malice. In fact, he may not have had any malice against Jesse—his intention may have been to divert himself by frightening Jesse; yet, if, under such circumstances, he shot at him, intending, at the time, to shoot at him, not caring whether he hit him or not, he is guilty of an assault with intent to murder."

He further charged, that if they believed that the criminal act, or intention either, was not proven, they should acquit; that it requires such evidence in this case as would have been required to show him guilty of murder, if he had killed Jesse; that the law presumes every one innocent till he is proven guilty; and he is entitled to the benefit of all reasonable doubts; and that they were judges both of the law and the facts.

A new trial was moved for, upon the grounds that said charge was wrong, because it excluded from the consideration of the jury every circumstance and possible conclusion in the case, except those referred to in said charge; that the Court ought to have charged that the presumption of guilt raised by the proof of shooting and hitting Jesse, might be done away with, if all the facts and circumstances showed there was no malice, and that the shooting was accidental; and because the verdict was contrary to the evidence, etc.

The Judge refused a new trial, and this is assigned as error on said grounds.

H. MORGAN, for plaintiff in error, cited 11th Ga. R., 286, 17th, 498 and 513.

R. H. WHITELY, Solicitor General, for the State.

Collier *vs.* The State of Georgia.

McCay, J.

1. We see no error in the charge of the Court. The law is put fairly, both for and against the prisoner, according to the facts as they appear in the record.

2. We see nothing in the testimony to mitigate this offence; nothing favorable to the prisoner that the charge of the Judge excluded from the consideration of the jury. It is true, that after the deed was done, the prisoner *appeared* very sorry. Perhaps he was; and this is evidence, as far as it goes, of want of express malice. But it is no evidence at all rebutting that malice which the law presumes from reckless trifling with human life.

The best that can be said for the prisoner is, that he did not affirmatively intend to kill—perhaps, not even to wound. He was, doubtless, playing upon the fears of a timid fellow-being. He fired at him—towards him—and hit him. He had no right so to fire—whether in fun or in earnest. If the latter, it was express malice; if the former, malice is implied by law. That sort of fun is not permitted among civilized people; and he who indulges in it is treated as though he *intended* the result of his act. It is trifling with justice, to allow any weight to the remorse of this prisoner, after his reckless act had produced its result. Let him and others take warning. Human life is too sacred a thing to be thus played with; and, notwithstanding his sorrow, which he ought to feel for his foolery, we do not feel disposed to turn aside the sword of justice.

Judgment affirmed.