## PERKINS v. THE STATE.

Where on a trial for murder the accused admitted the killing, but coupled such admission with declarations which, if believed, showed justification, no presumption that the homicide was murder arose from such admission.

Submitted October 16,—Decided November 8, 1905.

Indictment for murder. Before Judge Little. Taylor superior court. July 3, 1905.

*O. M. Colbert* and *Carson & McCutchen,* for plaintiff in error.

*John C. Hart, attorney-general,* and *S. P. Gilbert, solicitor-general,* contra.

FISH, C. J. Will Perkins was convicted of murder, and, his motion for a new trial having been overruled, he excepted. On the trial the evidence for the State, if credible, showed that the homicide was committed by the accused without provocation or extenuating circumstances, while the evidence for the accused, if worthy of belief, showed that the homicide was justifiable, in that he killed the deceased to prevent him from committing a felonious assault upon the accused with a deadly weapon. The accused, in his statement made to the jury, admitted the killing, but claimed that the deceased, without provocation, had struck him on the head one time with an iron monkey-wrench and was endeavoring to strike him again with the same weapon, and that he shot the deceased to protect himself from such assault. This was the only admission of the killing made by the accused. The court instructed the jury as follows: The defendant "goes into the case, as I have charged you, remember, with a presumption of innocence; and remember also that if in the progress of the trial it shall have been shown at any time, or admitted to you, that the defendant did kill the deceased, as charged in the bill of indictment, that then the law presumes the killing to be murder, and that presumption remains and exists until, from the evidence in the case, it be shown that a lower grade of homicide than murder is to be found against him, or that the facts and circumstances show a justifiable homicide." One of the errors assigned upon this charge is, that it, in effect, instructed the jury that a presumption of murder would arise from the admission by the accused that he committed the homicide, though he coupled such admission with "an explanation that might negative malice." As early as *Hudgins* v. *State*, 2 *Ga.* 173, 188, it was held: "The law presumes every homicide to be felonious, until the contrary appears, from circumstances of alleviation, of excuse, or justification; and it is incumbent on the prisoner to make out such circumstances to the satisfaction of the jury, unless they arise out of the evidence produced against him." Similar rulings have since been frequently made by this court. See *Dorsey* v. *State*, 110 *Ga.* 331, and cases cited. In *Futch* v. *State*, 90 *Ga.* 472 (8), it was held: "If the accused admits the killing with a deadly weapon, but adds an explanation which might negative malice, no presumption that the homicide was murder would arise on such admission; but if no explanation were added tending to reduce the grade of the homicide,

that presumption would arise." As was said in the opinion in that case, "That part of the statement which, if unexplained, would criminate, although it could be received as evidence of the fact it admitted, could not, to the exclusion of another part which qualified and explained it, create a presumption that the accused was actuated by malice and was guilty of murder." Mr. Justice Evans, in *Owens* v. *State*, 120 *Ga.* 299, basing his remarks on the *Futch* case, said: "Murder does not consist merely in the killing of a human being; the killing must be done with malice. When the fact of the killing is shown, and the evidence adduced to establish the killing shows neither circumstances of justification nor alleviation, malice may be inferred. Likewise, if the statement of the defendant admits the homicide without explanation, malice may be inferred from such admission. But if at the time of the admission the homicide is justified, such qualification of the admission of the homicide robs it of the vital element of murder." We think it clear that the exception to the charge was well taken. The error was harmful to the accused, and a new trial must be awarded.

Complaint was made of several other instructions given by the court to the jury, but we deem it unnecessary to deal with them, as there is to be another trial, and our learned brother of the trial bench will doubtless then correct any inaccuracies that may have appeared in the charges upon which error was assigned.

*Judgment reversed. All the Justices concur.*