## GREEN, *alias* NUNICE, *v.* THE STATE.

124　343
e124 764
124　772
124　343
e129　252

1. It is competent to prove, on a subsequent trial, the statement of the prisoner at a coroner's inquest, by the testimony of witnesses who profess to remember the substance of such statement; and it is not error for the court to overrule an objection to such testimony, urged on the ground that "the law requires the evidence before the coroner's jury to be in writing, and the writing would be better evidence of what the witness said."

2. An objection to the admission of the same evidence on the ground that "the defendant was in the custody of the officers under arrest, and while

thus situated was compelled to give testimony against herself; and it was unlawful to require her to make any statement tending to incriminate herself, and therefore such statement would be inadmissible," is equally without merit where the record does not disclose any evidence either of compulsion or that the statement proved by such testimony was not freely and voluntarily made.

3. The evidence set out in the second ground of the amended motion for new trial, being irrelevant, was properly excluded by the court.

4. When on the trial of one charged with murder the accused admits the homicide but at the same time states circumstances of justification or alleviation, and the only testimony of witnesses which proves the homicide also discloses circumstances of mitigation or justification, it is error for the court to charge, without qualification, "When a homicide, however, is proven, the burden is on the slayer to justify or mitigate the crime or the offense."

5. While the charge that "When a homicide is proven, the law presumes malice, and unless the evidence relieves the slayer, he or she should be convicted," is less objectionable, it does not aptly state the law in cases where (whether the admission of the defendant be considered or the evidence of witnesses) there is no proof of the homicide save such as carries in immediate connection with it circumstances which, if believed to be true by the jury, would amount to a palliation or justification of the act.

6. Although a defendant's character is not put in issue, still, where the evidence discloses facts which tend to show that the defendant is a woman of immoral life, it is not hurtful to her for the court to charge that "a woman or person of bad character has the right to defend [herself] upon the same principles as people of good character."

7. As there were facts and circumstances in evidence which would have warranted the jury to find that at the time of the homicide the deceased was attempting to commit a serious personal injury upon the accused, it was not error for the court to give in charge to the jury the law of voluntary manslaughter.

8. Before the refusal of a written request to charge the jury will be held to constitute error, it must appear that the request was in itself a correct statement of the law and applicable to the case.

Argued October 16,—Decided November 20, 1905.

Indictment for murder. Before Judge Bartlett. Polk superior court. July 3, 1905.

*Blance & Tison* and *Bunn & Trawick,* for plaintiff in error.

*John C. Hart, attorney-general,* and *W. K. Fielder, solicitor-general,* contra.

BECK, J. The plaintiff in error, Clem Green, alias Clem Nunice, was convicted of the offense of murder. She made a motion for a new trial, based upon the general grounds, and by amendment added substantially the following:    1st. That the court erred in

admitting to the jury evidence of the defendant's statement before the coroner's jury, in which the defendant admitted shooting the deceased but contended that she did it because he broke into her house and was advancing on her with a razor. The defendant objected to the admission of this evidence, on the ground that the law requires the evidence before a coroner's jury to be in writing, and that this writing would be the best evidence of what the witness said; and because the witness, being in the custody of officers, was while thus situated compelled to give the testimony against herself, and it was unlawful for her to have been allowed to make a statement tending to incriminate herself; that therefore this testimony was inadmissible. 2d. Because the court withheld from the jury the testimony of Levi Cook, to the effect that he had "fixed a clock at Clem Green's house. Jim Davis [the deceased] broke into the door, broke the door open, and fired a shot through the door into the house. This was one or two years before his death." 4th. (Should be 3rd, but numbered 4th in motion) "Because the court erred in charging the jury as follows: 'When a homicide is proven, the law presumes malice, and unless the evidence relieves the slayer, he or she should be convicted. If the State has failed to establish the guilt of the accused, the defendant should be acquitted.' The foregoing portion of the charge was error under the facts of this case, first, because the very evidence which proved that the defendant committed the homicide also showed complete justification. In this case the State was dependent upon the statement of the defendant for proof of the corpus delicti; and while her statement showed that she did the killing, it also showed that the same was in self-defense. Therefore there should be no presumption of malice against her." 5th. "Because the court erred in charging the jury as follows: 'When a homicide, however, is proven, the burden is on the slayer to justify or mitigate the offense.' The foregoing portion of the charge was error under the facts of this case, because the evidence which showed that the defendant committed the homicide also showed that she was justified in so doing. This was true of all the evidence which tended to show that the defendant committed the homicide. Therefore the burden was never shifted." Error was also assigned because the court charged: "So also a woman or person of bad character has the right to defend themselves upon the same principles as people of good character," for

the reason that "it amounted to an expression on the part of the court that the defendant was a woman of bad character," as she had not placed her character in issue. The court charged the law in reference to voluntary manslaughter as contained in the Penal Code, § 65. The defendant alleges that that part of the section which begins with the sentence, "Provocation by words, threats, menaces, or contemptuous gestures shall in no case be sufficient to free the person killing from the guilt and crime of murder," should not have been charged, "because it was not justified by the evidence in this case, and, the case . . being a close case, it tended to unduly prejudice the jury against this defendant." And again, exception ' was taken because the court refused a written request to give in charge the following: "A statement which admits the commission of an act, but which also gives a legal excuse or justification, is not a confession. The jury would have no right, where the State relies on such a statement, to consider that part of it which tends only to criminate the defendant, and reject that part of it which would excuse or justify the killing, and when the statement is relied on for conviction as admitting the killing; but also, in itself, shows that the act was justified or excusable, the jury would not be justified in convicting the defendant of either murder or manslaughter. This rule of law applies where the State relies on such statement to identify the defendant as the slayer." The motion was overruled, and the defendant excepted.

1-2. There was no error in admitting the testimony complained of in the first ground of the amendment to the motion for new trial, it not appearing from the record that the accused was under oath when she made her statement during the coroner's inquest. This court has in terms decided this very question. In *Woolfolk* v. *State,* 81 *Ga.* 562, it was held: "Nor was there any error in admitting the testimony . . in relation to . . the statements of the defendant made during the [coroner's] investigation. The objection was, that the circumstances then surrounding the defendant amounted to force and compulsion. We see no error in the admission of this testimony. . . So far as this record discloses, the statements made by the defendant were perfectly voluntary and not under oath. It is true that there was some excitement in the crowd during the day, and that the defendant was under arrest charged with the murder of his whole family; but there had been

no threats made against him, so far as the record discloses." See also Wharton's Cr. Ev. §§ 664, 668; 1 Bishop's Cr. Procedure, §§ 1255, 1256, 1257. As it does not appear from the record in the case at bar that the incriminating statement of the accused was not voluntarily made; and the burden being upon her to show such fact, if it was a fact (*Eberhart* v. *State*, 47 *Ga.* 599), her failure so to do renders her objection to the testimony without merit. Nor should this testimony have been excluded on the ground that, because the law requires the substance of the evidence before a coroner's jury to be reduced to writing, the writing would be better evidence of what the witness said. It is true that a coroner is required to "commit to writing the substance of the testimony delivered before the inquest." Penal Code, § 1265. But this "substance of the testimony" is in its character very similar to the "abstract of evidence" which in courts of inquiry the judge is required to have made where the charge is of a felony; and it has been held that evidence of the testimony of a witness on a committing trial may be proved as well by one who heard it as by the notes or memoranda taken by the court. "This [abstract of evidence] differs from an approved record, where all the facts are taken down and scrutinized by the counsel for the parties, and approved by the court, and become a matter of record. It also differs from a voluntary statement made by the accused before a committing court, which the law requires the magistrate to take down in writing and return to the superior court." *Brown* v. *State*, 76 *Ga.* 626.

3. The court properly rejected the evidence the exclusion of which is complained of in the second ground of the amended motion. In no event could it have been admissible unless it had further appeared that at the time of such shooting Clem Green was in the house and that the shooting was an attempt to do her an injury. But even if this had appeared, the admission of such testimony would have been of doubtful propriety; for it appears that whatever might have been the state of the deceased's feelings towards the defendant one or two years before his death, amicable relations had been re-established between them before the time of the tragedy that culminated in the shooting with which the defendant in this case is charged.

4. Though some other courts lay down a different rule, it is now a well-established rule in this State, that, where a killing of a

human being is proved and the evidence adduced to establish the killing does not show circumstances of justification or alleviation, malice will be inferred. But if the evidence relied upon by the State to show the killing contains circumstances of alleviation or justification, the burden of proving that the crime was murder is not shifted. Until malice is shown, one vital element of the offense is lacking. This element, as we have seen, may be presumed to exist when by the evidence proving the homicide no circumstances of mitigation appear. "The law presumes every homicide to be felonious, until the contrary appears, from circumstances of alleviation, of excuse, or justification; and it is incumbent on the prisoner to make out such circumstances to the satisfaction of the jury, unless they arise out of the evidence produced against him." *Hudgins* v. *State,* 2 *Ga.* 188. "'In every charge of murder,' says Mr. Justice Foster, 'the fact of killing being first proved, all the circumstances of accident, necessity, or infirmity, are to be satisfactorily proved by the prisoner, unless they arise out of the evidence produced against him; for the law presumes the fact to be founded in malice, until the contrary appears.' Foster, 255." Hopkins' Penal Code, §858. But in the case at bar, whether the jury based their finding that the defendant did the killing upon the admissions of the accused herself or upon the testimony of witnesses in the case, they could not have found the fact of the killing except from evidence or from an admission which carried, in close and immediate connection with proof of the killing, circumstances of necessity, excuse, or mitigation. Of course, where the evidence or admission which establishes the fact of a killing contains also circumstances of the character just indicated, it would be within the province of the jury to accept the entire testimony and give full effect to the circumstances reducing the killing from murder to some lower grade of offense than murder, or to find it justifiable homicide; or they might reject entirely all of the evidence of an exculpatory nature, if under all the proved facts and circumstances they disbelieve the same, and believe only that which tended to fix guilt upon the accused; but the charge should have been so adjusted to the facts as to allow to the jury the free exercise of their functions. The jury was authorized in this case to find that the defendant did the killing, from the admission of the defendant herself; but in connection with that admission she stated strong facts of

mitigation, excuse, and justification. So, also, the testimony of the two witnesses, Mick Smith and Pope Means, would have authorized the jury to find that the defendant committed the homicide; but it is likewise true of their evidence that it contains circumstances of mitigation, for in the same breath in which they establish the killing they show circumstances of necessity or palliation, and these would have negatived the presumption of malice which would otherwise arise upon the bare proof of the homicide, had the jury, from all the evidence, believed them to be proved.

5. The portion of the charge complained of in the fourth ground of the motion might not constitute reversible error, but it is not entirely unobjectionable. It is true that it is in the very language of the headnote in the case of *Clark* v. *State, 35 Ga. 75,* and that in that case a charge very similar to the one under consideration was approved; but in the *Clark* case the evidence for the State, without disclosing any circumstances of alleviation or justification, clearly proved the fact of the homicide committed by the accused. But where the very witnesses whose evidence establishes the fact of the killing include in their testimony circumstances of mitigation, malice will not be presumed, and the jury will be left free to find, from all the proved facts and circumstances in the case, whether the killing was done with malice aforethought or not.

6-8. The other errors complained of are sufficiently dealt with in the headnotes.　　　*Judgment reversed. All the Justices concur.*