### RICKETSON v. THE STATE.

LUMPKIN, J.   1. Where, on the trial of one indicted for murder, the evi-
dence as to admissions or inculpatory statements made by the defendant
in regard to the homicide was to the effect that he said that the person
killed was trying to cut him with a knife and he had to shoot in self-
defense; and where, in the statement made by the prisoner at the trial,
he said that the deceased was trying to cut him with a knife, and to
defend himself he drew his pistol and fired without pointing it at the
deceased, but the ball took effect, it was error to charge, that, "if the
killing is proven to the satisfaction of the jury, or if 'admitted by the
defendant to have been done and with an instrument that is used in a
manner likely to produce death, then malice is presumed." *Futch* v.
*State,* 90 *Ga.* 472 (8), (16 S. E. 802); *Perkins* v. *State,* 124 *Ga.* 6 (52
S. E. 17); *Green* v. *State,* 124 *Ga.* 343 (52 S. E. 431); *Mann* v. *State,*
124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934).

2. It has been held by this court that, in charging a jury in a murder case,
it is not advisable for the presiding judge to say that, "to define malice
in the language of the Supreme Court, 'malice may live in the gleam of
the blade, or in the flash of the gun.'" *Leonard* v. *State,* 133 *Ga.* 435 (66
S. E. 251).

3. Where one contention of the defendant was that the person slain went
to the place of the homicide for the purpose of having a difficulty with
him, it was neither hearsay nor irrelevant to allow the mother of the
deceased to testify that she had asked her son to do something for her,
the performance of which would require him to go to the place where
the homicide occurred. *Harper* v. *State,* 129 *Ga.* 770 (59 S. E. 792);
*Patterson* v. *State,* 134 *Ga.* 264 (67 S. E. 816).

4. In a case in which the facts render section 73 of the Penal Code appli-
cable to one theory on which the defendant relies for justification, it is
not error to give that section in charge. But if there be evidence of mu-
tual combat which would authorize a finding that the homicide was
voluntary manslaughter, the section referred to should not be so given
as, in connection with its context, to exclude the latter theory.

5. The charge on the subject of communicated threats was not accurately
expressed. But neither this  nor the other grounds of the motion for
new trial require detailed consideration.

                      *Judgment reversed.   All the Justices concur.*

APRIL 12, 1910.

Indictment for murder.   Before Judge Park.   Ware superior
court.   December 31, 1909.

*J. L. Sweat,* and *A. B. Spence,* for plaintiff in error.

*John C. Hart, attorney-general, J. H. Thomas, solicitor-general,*
and *Wilson, Bennett & Lambdin,* contra.