### 18207. CHAMBLISS *v.* THE STATE.

1. "A reckless disregard of human life may be the equivalent of a specific intent to kill; and whether it existed in this case was a question for the jury."
2. The evidence abundantly supported the verdict.

Decided July 14, 1927.

Assault with intent to murder, from Upson superior court— Judge Searcy. May 12, 1927.

*James R. Davis, J. F. Hatchell,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.

Luke, J. The defendant was convicted of assault with intent to murder. His motion for a new trial is based on the general grounds only. The evidence shows that the defendant, together with another negro man and two women, neither lawfully married to the other, driving a red Buick automobile at the rate of "fifty

Homicide, 30 C. J. p. 23, n. 37 New; p. 318, n. 96; p. 326, n. 84.

or sixty miles per hour," attempted to pass a Ford car, and although it was at a wide place where "three or four cars could travel abreast," and the Ford car was on the right side of the road and "was as near the edge of the road as it could get," the defendant hit the Ford car, turning it over, and it landed in a field "about thirty feet from the road," and injured the occupants thereof, one of the occupants, a lady, having her vertebræ broken so that she has to "wear a brace," is "constantly in dread and fear," "can not sit up at all without a brace," and "can not walk unaided." The evidence shows that the defendant did not even stop after he hit the Ford and injured the occupants thereof, and that "he was drunk." A whisky bottle, almost empty, was found, and the defendant admitted "I had taken a little before I left home."

Counsel for the defendant admits in his brief that the evidence shows that the defendant, while attempting to pass the Ford, struck it and turned it over, but insists that no malice is shown. "Malice shall be implied where no considerable provocation appears and where all the circumstances of the killing show an abandoned and malignant heart." Penal Code, § 62. In *Dennard v. State*, 14 *Ga. App.* 485 (81 S. E. 378), this court held: "A reckless disregard of human life may be the equivalent of a specific intent to kill; and whether it existed in this case was a question for the jury." And in the opinion in that case (p. 488) it is said: "The presumption of malice may arise from a reckless disregard of human life; and 'there are wanton or reckless states of mind which are sometimes the equivalent of a specific intent to kill, and which may and should be treated by the jury as amounting to such intention when productive of violence likely to result in the destruction of life, though not so resulting in the given instance.'" If the injuries to the occupants of the Ford car, or any of them, had proved fatal, "the accused might well have been tried for the offense of murder, leaving it to the jury to say whether the unlawful acts, with all their attendant facts and circumstances, rendered the transaction one which, in its consequences, naturally tended to destroy human life." *Black v. State*, 34 *Ga. App.* 449, 452 (130 S. E. 591).

There was ample evidence to authorize the jury to find that the defendant, while under the influence of intoxicating liquor,

was driving his car at an unlawful rate of speed, in a reckless manner, and with utter disregard of the lives and safety of others. It supports the verdict rendered.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*