HARGROVES *v.* THE STATE.

No. 10158.   November 16, 1934.

*Bright, Theus & Brannen,* for plaintiff in error.

*M. J. Yeomans, attorney-general, W. G. Neville, solicitor-general, B. D. Murphy* and *J. T. Goree,* contra.

HUTCHESON, J. Hargroves was convicted of the offense of murder. His motion for new trial was overruled, and he excepted.

■ No exception pendente lite was taken to the ruling of the court on the challenge to the array of jurors, but this ruling was assigned as error in the motion for new trial and in the bill of exceptions. In this State a ruling of the trial judge upon such a preliminary issue can not be considered where no exception pendente lite was reserved and the final bill of exceptions was not filed in time for the assignment of error to be considered as a ground of a motion for new trial. This court can consider only such exceptions as were taken within twenty days before the tendering of the bill of exceptions, where no exceptions pendente lite were taken. *Herndon* v. *State,* 178 *Ga.* 832 (174 S. E. 597) ; *Jones* v. *State,* 130 *Ga.* 274 (60 S. E. 740) ; *Williford* v. *State,* 121 *Ga.* 173 (2) (48 S. E. 962) ; *Whitton* v. *Barrow,* 159 *Ga.* 57 (124 S. E. 874) ; *Benford* v. *State,* 18 *Ga. App.* 14 (4) (88 S. E. 747).

■ The accused made a statement shortly after his arrest, in which he confessed the homicide, but claimed that the killing was done in self-defense. This statement was introduced in evidence by the State, but the accused, in his statement to the jury, repudiated his former statement and abandoned his claim of self-defense. Therefore it was not necessary or proper for the judge to charge the jury on the law relative to such defense. The accused can not complain of a refusal to instruct the jury on a thory in his interest in direct conflict with his own statement made in open court.

■ Error is assigned on the following charge of the court: "The question is this—notice this, now, gentlemen: Was the defendant at the time of the commission of the alleged crime, as a matter of fact, afflicted with a disease of the mind, so as to be insane? If such be the case, did he know right from wrong as applied to the particular act in question? If he did not have such knowledge, he is not legally responsible; if he did have such knowledge, he may nevertheless not be legally responsible if the two following conditions which I will now name you concurred: first, if by reason of the duress of such mental disease he had so far lost the power to choose between right and wrong, and to avoid doing the

act in question, as that free agency was at the time destroyed; second, and if, at the time the alleged crime was committed, the act perpetrating the crime was so connected with such mental disease in the relation of cause and effect as for such mental disease to have been the sole cause of the commission of said alleged crime. If the two conditions that I have named occurred at or during the time of the homicide, you should not convict the defendant, although you may believe that the defendant did know right from wrong as applied to the commission of the homicide in question." The question of delusional insanity has often been discussed in this court, but no better definition or explanation of it has been made than the ruling in *Roberts* v. *State, 3 Ga.* 310, where it is said: "If a man has reason sufficient to distinguish right and wrong in relation to a particular act about to be committed, he is criminally responsible. An exception to this rule, however, is where a man has reason sufficient to distinguish between right and wrong as to a particular act about to be committed, yet in consequence of some delusion the will is overmastered and there is no criminal intent. Provided that the act itself is connected with the peculiar delusion under which the prisoner is laboring." That ruling has been consistently followed by this court. Where only the question of right and wrong is involved, it is of course unnecessary to deal with the exception mentioned; and it will be found that in cases where a variance from this rule is at all indicated the question of delusion did not appear. The charge objected to in the instant case followed almost verbatim the wording of the charge quoted in *Flanagan* v. *State,* 103 *Ga.* 619-624 (30 S. E. 550), which decision was based on the *Roberts* case, supra, and in which the stamp of approval was placed upon the charge herein complained of. It was a fair and ample statement of the principle of law involved, and was properly given in charge by the court. See *Danforth* v. *State,* 75 *Ga.* 614 (58 Am. R. 480); *Carr* v. *State,* 96 *Ga.* 284 (22 S. E. 570).

■ Grounds 7 and 8 of the motion for new trial assign error upon the failure of the court to give certain instructions to the jury. The charge requested and not given dealt with two theories of defense; (1) delusional insanity, which has already been discussed in this opinion; and (2) justifiable homicide. The accused made two statements, one while incarcerated, which was reduced to

writing, and introduced in evidence by the State; the other to the court and jury on the trial of the case. In the first statement the accused admitted the homicide, but stated that the killing was done in self-defense; and under such circumstances, of course, no malice would be presumed. However, in his statement last above referred to the accused specifically stated that his first statement was not true, and that the killing was not in self-defense, but on the contrary that the deceased was making no attack upon him, or endeavoring to do so. In view of this repudiation of the first statement, we do not think the rules laid down in *Perkins* v. *State*, 124 *Ga.* 6 (52 S. E. 17), and *Green* v. *State*, 124 *Ga.* 343 (52 S. E. 431), are applicable. The prisoner's admission in open court, made as a part of his statement on the trial, may be treated by the jury as direct evidence as to the facts. *Dumas* v. *State*, 62 *Ga.* 58 (3). Therefore the question of justification could not be a theory of defense in the case, and the court properly refused to give the law of justification in charge to the jury.

■ The principles of law embraced in the request to charge, as outlined in grounds 9 and 10 of the amended motion for new trial, were fully covered by the general charge to the jury.

■ Ground 12 of the motion assigns error on the admission of certain testimony, as being irrelevant and immaterial, and "hearsay." In passing upon the objection thus raised, the court stated just what part of the testimony would be allowed and what part ruled out. But if the testimony was irrelevant, it could not have been harmful to the accused, and therefore was not reversible error.

■ Error is assigned on the admission, over objection, of the following testimony of a witness, D. T. Tillman: "I have heard a lot of talk about his drinking liquor right smart. His general reputation is that he was a fellow who drank right smart. I suppose he does drink liquor. He might have been under the influence of liquor when I saw him acting curiously, but I don't think he was. Liquor will make you act foolish sometimes; they all say it will. It will make you act foolish; and I won't swear he was not under the influence of whisky when I observed him that he did not act right." The objection to this was that it was an effort to put the defendant's character in issue. We can not agree with this view of the evidence, as it seems to indicate clearly that it was offered for the purpose of illustrating mental condition, and not character.

■ Error is assigned on the court's refusal to charge the jury in the language of the Civil Code of 1910, §§ 2931, 2932, dealing with the ability to contract marriage, and the prohibited degrees of relationship; it being contended by the defendant that one of the reasons for his weakened mental condition was the intermarriage within the prohibited degrees of certain ancestors. The trial judge certifies that these two sections of the Code were read to the jury by counsel for the defendant, and that the judge made the following statement: "The court takes judicial cognizance that sections 2931 and 2932 is the law of Georgia." In view of this certificate the assignment of error is without merit.

■ Certain assignments of error were abandoned by the plaintiff in error, and those not specifically dealt with herein are without merit. The evidence was sufficient to authorize the verdict.

*Judgment affirmed. All the Justices concur.*