### BROWN v. THE STATE.

JENKINS, Justice. 1. If the accused admits the killing with a deadly weapon, a presumption of malice will ordinarily thereupon arise, but such is not the case where he adds an exculpatory explanation which might negative malice. Accordingly, where the judge has given in charge to the jury such general rule· as to the presumption of malice, it would ordinarily be error to refuse a timely written request embodying the qualification thereto that such admission with such an explanation would not create a presumption that the accused was actuated by malice; and this is true even though the charge may have correctly instructed the jury that the burden of proof was upon the State to prove every material allegation of the indictment beyond a reasonable doubt. *Futch* v. *State,* 90 *Ga.* 472 (8), 480 (16 S. E. 102); *Manning* v. *State,* 153 *Ga.* 184 (2), 196 (111 S. E. 658); *Gordon* v. *State,* 163 *Ga.* 388, 399 (136 S. E. 144); *Ricketson* v. *State,* 134 *Ga.* 306 (67 S. E. 881); *Green* v. *State,* 124 *Ga.* 343 (4), 348 (52 S. E. 431); *Mann* v. *State,* 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934); *Perkins* v. *State,* 124 *Ga.* 6 (52 S. E. 17); *Delk* v. *State,* 135 *Ga.* 312 (69 S. E. 541, Ann. Ca's. 1912A. 105); *Hudgins* v. *State,* 2 *Ga.* 188. The rule just stated would not have effect, however, where, as here, the exculpatory explanation is itself accompanied by additional admissions of facts which themselves indicate the existence of malice.

2. Accordingly, it was not error to refuse a request to charge, by which the defendant sought to be relieved from the presumption of malice, where, a's in the instant case, the request to charge not only embodied the defendant's statement to the jury wherein he admitted the killing under circumstances of self-defense, but also embodied a previous statement, made before the trial, in which the defendant admitted the killing under the same contention of self-defense, but further admitted that at the time of the homicide he had committed a robbery by taking the

pocket-book and money of the deceased. Especially would the refusal to charge such exception to the general rule as to the presumption of malice not be error, where, under the particular facts governing the request in this case, the judge had not charged the general rule that a presumption of malice will ordinarily arise upon the proof of the homicide, and where it appears that he correctly and fairly charged the law of murder, voluntary manslaughter, and justifiable homicide, gave proper instruction as to the statement of the accused, with the full benefit of his contention that the killing was in self-defense, and charged that the presumption of innocence in his favor remained with him throughout the trial until his guilt was established beyond all reasonable doubt.

3. The evidence supported the verdict of murder, without recommendation.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, Chief Justice, who took no part in the opinion or the judgment.

No. 11728. APRIL 14, 1937.

*Henry G. Howard,* for plaintiff in error.

*M. J. Yeomans, attorney-general, George Hains, solicitor-general, E. J. Clower,* and *Dave M. Parker,* contra.