## 27165. MUNDY v. THE STATE.

DECIDED FEBRUARY 28, 1939.

*Homer Watkins, John K. Davis, Mundy & Mundy,* for plaintiff in error.

*Hal C. Hutchens, solicitor-general,* contra.

GUERRY, J.   The defendant was charged with assault with intent to murder, for that, "the said accused on the 24th day of July, in the year 1937, in the county aforesaid, did then and there unlawfully and with force and arms wrongfully, feloniously, wantonly, and with reckless disregard for human life, operate a certain motor vehicle, same being a Dodge sedan, a further description of which is unknown to this grand jury, on and over that certain public road, street, and highway in said county known as the road leading from Cedartown to Buchanan, and also known as State Route No. 1, at a rate of speed greater than forty miles per hour, and in violation of the right of way of a certain two-horse wagon drawn by two mules and occupied by Ed Beatenbough, Mary Beatenbough, and George Edward Martin; and as a result of said unlawful act and said wanton, reckless, and unlawful operation of said vehicle, the same was driven on and into and against said two-horse wagon then and there occupied as aforesaid, inflicting upon the said Ed Beatenbough, Mary Beatenbough, and George Edward Martin serious bodily wounds and painful wounds, with intent to kill and murder the said Ed Beatenbough and Mary Beatenbough and George Edward Martin, contrary to the laws of said State." The evidence for the State warranted a finding that the defendant was operating the car at the time of the accident at a speed in excess of forty miles an hour, was under the influence of whisky, and struck the wagon while it was partly off the pavement on the right side of the road.   Ed Beatenbough, one of the persons alleged to have been assaulted, testified that while he was going south a big truck passed his wagon and struck it, and caused Mundy, who was approaching from the north, to swing off the pavement onto the shoulder on Mundy's right, and when he came back on the pavement he came across it to his left and struck the wagon.   That "he was not going very fast, ten or fifteen miles an hour would be my judgment.   Every wheel he had was sliding, he was working with the steering wheel just as hard as he could, looked like he was trying to turn away from me.   He had his brakes on.  .  . Looked like he was doing all he could, but the car was still coming to me.   Looked like he was trying to do all he could to keep from hitting me; it looked that way."   Another witness for the State who was riding with Mundy testified as to the truck forcing Mundy off the pavement, and that when he attempted to turn back

onto the pavement the car went across to the left side and struck the wagon. The defendant, in his statement, stated the same thing. Other witnesses for the State denied that any truck struck the wagon first, or that any truck passed the wagon going in the same direction as the wagon just before the wagon was struck by the defendant's car which was meeting it. Some of these witnesses, however, testified that a car, but not a truck, had just passed the wagon and met the defendant's car about forty feet from where the accident happened, and before it struck the wagon. Other witnesses did not recall having seen a car, but did not deny that a car had passed the wagon and met the defendant just before he struck the wagon. The evidence failed to show any motive or malice, unless malice could be implied from the circumstances surrounding the wreck.

In order for the charge of assault with intent to murder to be maintained, it is necessary that the State show a specific intent to kill the parties named. A specific intent to kill is an essential ingredient of the offense of assault with intent to murder. *Patterson* v. *State,* 85 *Ga.* 131 (11 S. E. 620, 21 Am. St. R. 152) ; *Gilbert* v. *State,* 90 *Ga.* 691 (16 S. E. 652) ; *Lanier* v. *State,* 106 *Ga.* 368 (32 S. E. 335) ; *Kimball* v. *State,* 112 *Ga.* 541 (37 S. E. 886) ; *Napper* v. *State,* 123 *Ga.* 571 (51 S. E. 592) ; *Easley* v. *State,* 49 *Ga. App.* 275 (175 S. E. 23). In a case where death ensues, malice may be inferred from the use of a weapon likely to produce death. "However, malice, where no killing takes place, does not necessarily include an intention to kill, for any intention to inflict slight injury on another is necessarily infected with malice, but there would not be at the same time an intent to kill that person. If death had ensued and the defendant could not have been convicted of murder, then he can not be convicted of assault with intent to murder." *Easley* v. *State,* supra.

There is, however, a rule which our courts have adopted and sanctioned that, "There are wanton or reckless states of mind which are sometimes the equivalent of a specific intention to kill, and which may and should be treated by the jury as amounting to such intention when productive of violence likely to result in the destruction of life, though not so resulting in the given instance." *Gallery* v. *State,* 92 *Ga.* 463 (17 S. E. 863). It will be noted that the first time this principle was applied by this court to injuries by an

automobile was in *Dennard* v. *State*, 14 *Ga. App.* 485 (81 S. E. 378). It will be noted in that case that there was no attempt by the defendant to show that the injury was the result of any action, but the defense was rested on the contention that the defendant was not driving the car at the time of the injury and the court said: "There is no evidence that the machine became unmanageable or skidded, *and no explanation of his conduct is apparent unless it was actuated by a reckless disregard of human life.*" (Italics ours.) In *Chambliss* v. *State*, 37 *Ga. App.* 124 (139 S. E. 80), there was nothing to show why the car of defendant struck the other car, and there was evidence that the driver was drunk and driving at a speed of fifty or sixty miles per hour. In *Easley* v. *State*, supra, which was not a unanimous opinion, this court said that while the *Dennard* case, supra, had not been overruled, it was doubtful whether it should be applied where practically all the evidence showed that the accident was merely unfortunate. It was applied in the *Easley* case, supra, for the reason that the testimony of the prosecutor was sufficient to show that the defendant was operating his car in a reckless and unlawful manner, from which circumstance the jury might be authorized to infer such a wanton and reckless disregard of human life as would supply the intent necessary to a conviction of assault with intent to murder. It will be noted that in the *Easley* case certain other decisions are cited which are in apparent conflict with what was there being held. The evidence in the present case does not entirely negative the testimony for the State itself, as well as the defendant's statement, that by reason of the fact that defendant, just before striking the wagon, was forced from the pavement onto the shoulder of the road either by a truck, as stated by some, or by a car as stated by others, and that in attempting to get back onto the pavement the injury occurred. The fact that the defendant was violating the speed or traffic laws of the State, or was under the influence of whisky, did not ipso facto make him guilty of assault with intent to murder any person whom he might injure in the operation of his automobile. Such conduct must amount, as was said in the *Gallery* case, supra, to such a wanton and reckless state of mind as may be the equivalent of a specific intent to kill. We do not think the evidence as adduced at the trial of the present case was sufficient to support the inference that the conduct of the defendant,

in driving his car on the stated occasion, was such as to show beyond a reasonable doubt that he was in a state of mind of reckless and wanton disregard of human life.

If the evidence had shown that the defendant was in such a state of intoxication as to be unable to manage his car, and the injury was the result of such intoxication, the verdict would have been authorized.. However, if he was forced from the road by another car, and in getting back on the pavement his car was caused to swerve into the wagon, we do not think a verdict of guilty was authorized, unless it also appeared that he was in such a state of intoxication as to be unable to control his car, because of such intoxication, or because of the excessive speed of the car. Criminal negligence will not in every case supply an intent to kill. A verdict of assault and battery might have been authorized. See *Maloney* v. *State,* 57 *Ga. App.* 265 (195 S. E. 209). The court erred in overruling the motion for new trial.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*

MacIntyre, J., concurring specially. "The principle is clearly deducible that without any request of counsel or reminder of the court by counsel, the instructions of the court must substantially embrace the rule of law on the issues between the parties which the evidence makes. If that be done substantially, then there is a line of decisions cited by counsel for the defendant in error, to the effect that if the charge be not full enough or clear enough or omits something that would put one side or the other more fairly before the jury than the charge given does, then the notice of the court must be called thereto, or the party complaining will not be heard here." *Central Railroad* v. *Harris,* 76 *Ga.* 501, 511. If we concede that the charge on emergency, indefinite as it was, might have covered this issue in a very limited and restricted way, yet, the question of whether an intervening cause brought about an emergency was a material issue raised by both the defendant's statement and the evidence, and the requested charge on this issue being pertinent, applicable, and adjusted to the evidence and the issues in the case, the defendant was entitled to have said requested charge given to the jury, or at least the principles of law stated in the request should have been clearly given in the charge even though not in the language of the request. I think a new trial should be

granted for the reason that the judge failed to clarify, upon request, his charge on emergency.

I can not agree with the majority opinion that the evidence did not authorize the verdict; for after verdict, in passing upon the motion for new trial, that view of the evidence which is most unfavorable to the accused must be taken, for every presumption and every inference is in favor of the verdict. *Vandeviere* v. *State*, 58 *Ga. App.* 18 (197 S. E. 338).