MYRICK *v.* THE STATE.

No. 15135. MAY 9, 1945.

George H. Carswell, for plaintiff in error.

T. Grady Head, attorney-general, C. S. Baldwin Jr., solicitor-general, and N. J. Smith, assistant attorney-general, contra.

ATKINSON, Justice. (After stating the foregoing facts.) ■ Under the general grounds, the question here presented is whether the evidence is sufficient to authorize a verdict for murder.

It·has long been the law that, when the State produces evidence sufficient to establish that the defendant killed the deceased in the manner and in the county alleged in the indictment, a prima facie case of murder is thereby established, unless such evidence shows justification or mitigation. *Mann* v. *State*, 124 *Ga.* 760 (53 S. E. 324, 4 L. R. A. (N. S.) 934); *Johnson* v. *State*, 152 *Ga.* 457 (110 S. E. 211); *Key* v. *State*, 177 *Ga.* 329 (5) (170 S. E. 230); *Smithwick* v. *State*, 199 *Ga.* (34 S. E. 2d, 28). In a trial for murder, if the accused has admitted·a wilful and intentional killing without any negation of malice, a presumption of malice will ordinarily arise; but this is not the case, and no presumption of malice arises, where he adds an exculpatory explanation of justification, excuse, or mitigation. *Green* v. *State*, 124 *Ga.* 343 (4) (52 S. E. 431); *Ricketson* v. *State*, 134 *Ga.* 306 (67 S. E. 881); *Brown* v. *State*, 184 *Ga.* 305 (191 S. E. 108); *Miller* v. *State*, 184 *Ga.* 336 (2) (191 S. E..115); *Daniel* v. *State*, 185 *Ga.* 58 (194 S. E. 360). A presumption of malice may arise from a reckless disregard for human life. A wanton and reckless state of mind is sometimes the equivalent of a specific intent to kill; and such state of mind may be treated by the jury as amounting to such intention when the wilful and intentional performance of an act is productive of violence resulting in the destruction of human life. *Collier* v. *State*, 39 *Ga.* 31 (2) (99 Am. D. 449); *Marshall* v. *State*, 59 *Ga.* 154; *Gallery* v. *State*, 92 *Ga.* 463 (2) (17 S. E. 863); *Cook* v. *State*, 93 *Ga.* 200 (18 S. E. 823); *Smith* v. *State*, 124 *Ga.* 213 (52 S. E. 329); *Hamilton* v. *State*, 129 *Ga.* 747 (3) (59 S. E. 803); *Josey* v. *State*, 197 *Ga.* 82, 94 (28 S. E. 2d, 290); *Dennard*

v. *State*, 14 *Ga. App.* 485 (81 S. E. 378) ; *Chambliss* v. *State*, 37 *Ga. App.* 124 (139 S. E. 80).

In one of the admissions of the accused, we find the following: "So I decided to go down there and shoot over his head . . so that it would scare him. I . . built a fire about 60 yards from the road. . . I was on my knees and watched him as he walked along the road. When he got to a small clearing, I aimed about a foot and a half over his head and fired." Applying the facts contained in the admission of the accused to the foregoing rules of law, the proof of the homicide would not ordinarily establish a prima facie case; nor would a presumption of malice arise, since, according to the literal expression, it negatives an intent to kill. While the admission, on its face, was not inculpatory, but was a relation of facts in the nature of an exculpatory admission, yet the fact that the accused, from a distance of 60 yards (40 yards by other testimony) aimed a foot and a half over the head of the deceased and wilfully fired a rifle, would present a question for determination by the jury as to whether this act was such a reckless disregard for human life as was the equivalent of a specific intent to kill. Considering all the facts and circumstances in the case, it is hard for the writer to understand the line of thought of the jury in determining upon the verdict rendered; yet, under the rules of law just above stated, it was within their province to so find, and it can not be said, as a matter of law, that the verdict is without supporting evidence.

█ The record contains a note of the trial judge, asserting that eight of the trial jurors signed a petition "to grant a new trial to the defendant . . due to the fact that the verdict . . returned carries the death penalty, and . . the evidence was almost entirely circumstantial." Whatever effect this may have on other tribunals, it presented no meritorious question of law to the trial court, as under the Code, § 110-109, "jurors may . . sustain but not . . impeach their verdict;" nor has this court the authority to grant a new trial for such a reason, as under the constitution (Code, § 2-3005), it is a court only for the correction of errors of law. *Judgment affirmed. All the Justices concur.*