DUKE *v.* THE STATE.

No. 16461.    MARCH 16, 1949.

108

*George W. Westmoreland,* for plaintiff in error.

*Eugene Cook, Attorney-General, Hope D. Stark, Solicitor-General,* and *J. R. Parham, Assistant Attorney-General,* contra.

HEAD, Justice. The State's case rests entirely upon the testimony of Sheriff J. B. Brooks, since the testimony of the other witness sworn for the State, Cleveland Thompson, does not purport to state any fact pertaining to the homicide. In so far as the record shows, no objection was interposed at any time to the testimony of the sheriff. If the statements of the deceased as testified to by the sheriff were dying declarations as provided by the Code, § 38-307, they were properly admitted in evidence.

*Hawkins* v. *State*, 141 *Ga.* 212 (80 S. E. 711); *Fitzpatrick* v. *State*, 149 *Ga.* 75 (99 S. E. 128). However, if the testimony of the sheriff did not make a prima facie case of a dying declaration, his statements amounted to no more than hearsay.

From a consideration of the testimony of the sheriff, it will readily be seen that the deceased made no statement tending to show that he was conscious of the fact that he was in the article of death, and there is nothing in the record to show that such statements as were made by the deceased were "in view of impending death and judgment, when the last hope of life is extinct, and when the retributions of eternity are at hand." *Campbell* v. *State*, 11 *Ga.* 353, 374; *Roberts* v. *State*, 138 *Ga.* 816 (76 S. E. 361). If the statements made by the deceased were not with knowledge of impending death and judgment, that his last hope of life was gone, that his soul was soon to take its flight into the unexplored realms of eternity "from whose bourne no traveler returns," the law would not impart that equal solemnity to his statements equivalent to testimony under oath.

The State may contend that, while the deceased made no statement tending to indicate that he had knowledge that his wound was mortal, or that he was in a dying condition, this fact might be inferred from the circumstances and the nature of the wound. See *Campbell* v. *State*, supra; *Washington* v. *State*, 137 *Ga.* 218 (73 S. E. 512); *Bass* v. *State*, 152 *Ga.* 416 (110 S. E. 237).

What fact or circumstance can be gained from the record from which an inference might be drawn that the deceased knew he was mortally wounded and in a dying condition? So far as the writer is able to ascertain, no such fact or circumstance exists. There is no statement by the deceased that it would be useless to take him to a physician, nor a statement of any nature indicating any knowledge of the deceased that he was in fact in the article of death. It does not appear that the deceased ever made any statement as to the nature of his injury, nor does there appear to have been any accurate description attempted by the sheriff, who stated that the deceased was shot "here" (indicating on his own breast).

In this case there is no fact, statement, or circumstance that indicates that the deceased knew that he was in a dying condi-

tion at the time he answered the sheriff's two questions. It follows that the sheriff's testimony was not admissible under rules of law as a dying declaration. It amounted to no more than hearsay, and had no probative value.

"Since ordinary hearsay testimony is not only inadmissible but wholly without probative value, its introduction without objection does not give it any weight or force whatever in establishing a fact." *Eastlick* v. *Southern Railway Co.,* 116 *Ga.* 48 (42 S. E. 499). See also *Suttles* v. *Sewell,* 117 *Ga.* 216 (43 S. E. 486); *Equitable Mortgage Co.* v. *Watson,* 119 *Ga.* 283 (46 S. E. 440); *Estill* v. *Citizens & Southern Bank,* 153 *Ga.* 625 (113 S. E. 552); *Berry* v. *Brunson,* 166 *Ga.* 532 (143 S. E. 761); *Higgins* v. *Trentham,* 186 *Ga.* 264 (197 S. E. 862).

From the statement of the defendant it will be observed that he admits shooting the deceased, but in so far as the State may rely upon the defendant's statement to sustain the conviction in this case, it is insufficient. There are some rules of law so well known and recognized as not to require any citation of authority. Perhaps one of the best known of these is the rule that there can be no murder without malice, either express or implied. Where the State proves a killing with a deadly weapon used in the manner ordinarily used to produce death, malice will be inferred, unless the same evidence presents circumstances of justification, alleviation, or mitigation. The jury have the right to attach to the defendant's statement such weight as they think it should have; they may believe it in part and reject it in part; they may believe it as a whole or reject it as a whole; and they may believe it in preference to the sworn testimony. However, in this case the State has offered no competent testimony to establish the crime of murder, and that part of the defendant's statement in which he admitted the killing would not raise a presumption of malice, since the admission was accompanied by an explanation of the homicide which would negative malice. In *Futch* v. *State,* 90 *Ga.* 473 (16 S. E. 102), it was stated: "If the accused admits the killing with a deadly weapon, but adds an explanation which might negative malice, no presumption that the homicide was murder would arise on such admission, but if no explanation were added tending to reduce the grade of the

homicide, that presumption would arise." In the body of the opinion the rule stated is elaborated as follows: "In his statement to the jury, the accused admitted that he had killed the deceased intentionally and with a deadly weapon, but as we have seen, this admission was accompanied by an explanation which, if true, would negative malice. While such an admission, without any explanation as to why the killing was done, would give rise to a presumption of malice, no such presumption could be drawn from a statement which admits but at the same time justifies the act. That part of the statement which, if unexplained, would criminate, although it could be received as evidence of the fact it admitted, could not, to the exclusion of another part which qualified and explained it, create a presumption that accused was actuated by malice and was guilty of murder." The rule stated in *Futch* v. *State,* supra (which was a full-bench decision by this court), has been quoted and cited with approval by this court a number of times. See *Owens* v. *State,* 120 *Ga.* 299 (48 S. E. 21); *Perkins* v. *State,* 124 *Ga.* 7 (52 S. E. 17); *Green* v. *State,* 124 *Ga.* 343 (52 S. E. 431); *Mann* v. *State,* 124 Ga. 760, 763 (53 S. E. 324); *Manning* v. *State,* 153 *Ga.* 196 (111 S. E. 658); *Brown* v. *State,* 184 *Ga.* 305 (191 S. E. 108).

The defendant in his statement having related that the deceased was advancing upon him with a knife, and having stated that he had to shoot the deceased, it may be assumed that the defendant anticipated that the deceased was about to commit a serious crime upon the person of the defendant. Such statement, whether or not sufficient to show complete justification, was sufficient to negative malice, and no presumption could arise from the statement that the shooting of the deceased by the defendant was murder.

There was no evidence of probative value to sustain a conviction for the crime of murder, and it was error to overrule the general grounds of the motion for new trial. No ruling is necessary on the special grounds of the motion.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., and Candler, J., dissenting.*