34304. · WEBB *v*. THE STATE.

CARLISLE, J. The defendant was convicted under an indictment charging that he "did unlawfully, wilfully, feloniously, wantonly and with reckless disregard for human life operate a motor vehicle, to wit, a Henry J. Kaiser automobile, the same being a weapon likely to produce death in the manner used, . . while under the influence of intoxicating liquors and drugs, so as . . to drive said automobile off . . [the highway] and onto and in the yard of . . [the prosecutrix] while . . [the prosecutrix] was then and there standing in said yard and did then and there, while in the commission of the within described unlawful act and while using the said automobile, the same being a weapon likely to produce death, . . then and there strike . . [the prosecutrix] and inflict upon her serious bodily wounds . . with the intent to kill the said . . [prosecutrix]." Save for an alleged admission that he had been drinking at the time of the injury to the prosecutrix, which admission the defendant denied, the evidence of his intoxication at the time of the injury was entirely circumstantial. The evidence that such intoxication was the proximate cause of his driving his automobile off the highway, into the prosecutrix's yard some forty feet off the highway, where he ran over the prosecutrix, is entirely circumstantial. There is no evidence whatsoever that he was exceeding the speed limit at the time his car left the highway. There is no evidence that prior to that time he had been driving recklessly or carelessly. There is evidence that his car departed the highway on his left-hand side as he was turning a left-hand curve in the highway. There is evidence that sometime prior to the day of the prosecutrix's injury the defendant had had difficulty with his car in that in making a left-hand curve the steering mechanism would catch so that he did not have control of the car if he were going "pretty pert," but the defendant's brother-in-law had worked on the car and believed that he had fixed it. The defendant contended that his car left the highway as a result of the catch in the steering mechanism. Under this state of the evidence, the verdict finding the defendant guilty of assault with intent to murder was not authorized. The evidence does not exclude every reasonable hypothesis save that the prosecutrix's injury was caused by the defendant's intoxication or his reckless and wanton disregard of human life. *Mundy* v. *State,* 59 *Ga. App.* 509 (1 S. E. 2d, 605). Consequently, the trial court erred in overruling the motion for a new trial, based solely on the general grounds.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*

DECIDED OCTOBER 11, 1952.

894

*Emmett Smith,* for plaintiff in error.
*Wright Lipford, Solicitor-General,* contra.