### 34825.  MARSHALL *v.* THE STATE.

CARLISLE, J.  The defendant was convicted of an assault with intent to murder and sentenced to serve not less than five and not more than ten years in the penitentiary, upon his trial under the following indictment: ". . . The citizens of Georgia charge and accuse Sam Marshall with the offense of assault with intent to murder; for that the said accused, on the 23rd day of March in the year 1953, in the county aforesaid, did then and there unlawfully and with force and arms; wrongfully, feloniously, wantonly and with reckless disregard for human life, operate a motor vehicle, to wit: a certain 1949 Chevrolet automobile, on and over the public road and highway in said county, to wit: Georgia Highway No. 94, and while operating said motor vehicle on said highway left the main lane, going over the shoulder on said highway and that as a result .of said unlawful ·acts and said wanton, reckless and unlawful operation of said vehicle, the same was driven on and into Teddy Rogers, and inflicting serious bodily wounds on and upon Teddy Rogers, with intent to murder, and did then and there leave the scene of the accident without offering or rendering any aid to Teddy Rogers, contrary to the laws of said State. . ."  His motion for new trial, based solely on the general grounds, was denied, and he has appealed to this court for review. There were no eyewitnesses to the collision between the defendant's automobile and Teddy Rogers on his bicycle except the defendant and Teddy Rogers, who, while present in court at the time of the trial, according to the record, did not testify.  The evidence for the State was substantially to the following effect: Wendell Bussey was on his way to the home of O. H. Rogers.  He was driving along State Highway 94 toward Valdosta, at about 7:25 p.m. on March 23, 1953, when he observed a damaged bicycle lying on the left-hand side of the highway. He picked up O. H. Rogers and returned to investigate.  They found Teddy Rogers lying in the ditch on the left-hand side of the highway approximately 25 to 30 feet from the bicycle.  The front part of the bicycle was damaged so as to show that the bicycle was meeting the

automobile when it was struck thereby. According to Mr. Rogers' judgment as to where glass was found on the highway, the bicycle was approximately 80 to 85 feet from the point of the collision between the bicycle and the automobile, and according to the signs which Mr. Rogers saw at the scene, the automobile left the highway and hit the bicycle about four or four and one-half feet off the highway. An officer of the Georgia Bureau of Investigation could not determine where the automobile left the highway, but according to his measurements the boy Teddy Rogers was thrown 42 feet, and the bicycle was thrown 85 feet from the point of collision. This officer did not locate the car which had collided with the bicycle until the following morning, when he discovered that the car which had had the collision was that of the defendant, whom he arrested. The defendant made a statement to this officer in which he admitted that he had hit something on Highway 94 the previous evening, that he had hit a bicycle, that he had stopped his car and examined the damage to it, but then had fled from the scene, as he did not know whom he had hit and he was afraid they might "rough him up," and the defendant said that he had been blinded by the bright lights of an approaching automobile. Another witness testified that he had seen the defendant take a drink of whisky at about 3 p.m. in the afternoon of the day on which the collision occurred. There was medical evidence to the effect that Teddy Rogers suffered lacerations of the scrotum and a fracture of the right femur. The defendant in his statement to the jury said that he had been blinded by the lights of an approaching automobile and did not see the boy on the bicycle until he was too close to stop. He stopped after striking the boy and bicycle and looked back, but did not see anything in the road so he proceeded to his home. The State read into evidence an extrajudicial statement made to an insurance adjuster, which was very much to the same effect as the defendant's statement, namely: that he had been blinded by the lights of an approaching automobile; that he heard the boy and his bicycle hit his automobile; and that he stopped to see what damage was done, and then drove to his home. There was no evidence that the defendant was speeding at the time of the collision, that he was intoxicated at the time of the collision, and, save for the officer's opinion of the physical circumstances at the scene of the accident, no evidence that the defendant was reckless in his driving at the time of the collision. The evidence of the defendant's wanton and reckless state of mind such as to supply the equivalent of a specific intention to kill was entirely circumstantial and, being insufficient to exclude every reasonable hypothesis save that Teddy Rogers' injuries were caused by the defendant's reckless and wanton disregard of human life, the verdict finding the defendant guilty of assault with intent to murder was not authorized, and the trial court erred in denying the motion for new trial. *Webb* v. *State,* 86 *Ga. App.* 893 (72 S. E. 2d 770); *Mundy* v. *State,* 59 *Ga. App.* 509 (1 S. E. 2d 605), and citations.

*Judgment reversed. Gardner, P.J., and Townsend, J., concur.*

DECIDED SEPTEMBER 16, 1953.

*George Thomas,* for plaintiff in error.
*J. B. Edwards, Solicitor-General,* contra.