19507. ELDER *v.* THE STATE.

HAWKINS, Justice. Robert Lee Elder was tried in Fulton Superior Court under an indictment charging him with having murdered one Mabel Jordan, and the jury returned a verdict of guilty without a recommendation. To the judgment denying his motion for a new trial, based upon the general grounds and one special ground, the defendant excepted, but in this court his counsel have expressly abandoned the one special ground of the motion, and are insisting only upon the general grounds thereof; it being their contention that proof of the homicide by the defendant was derived solely from an admission of the defendant which included an exculpatory explanation of justification or mitigation, and that malice would not be presumed; that the evidence was insufficient to show malice, and therefore insufficient to authorize a conviction of murder. The statement of the defendant on the trial was that the deceased threw some salt and black pepper in his eyes, that he grabbed her, and when she got loose and got her hand back in her pocket, she "throwed some more at my eyes and missed my eyes and I got it in my head. I got the ice pick and stuck her three or four times." *Held:*

1. While in a trial for murder it is absolutely essential that malice, express or implied, be shown (*McMillan* v. *State*, 35 *Ga.* 54), and malice will not be presumed where proof of the homicide is derived solely from an admission of the defendant which itself presents an exculpatory ex-

planation of justification, excuse, or mitigation (*Futch* v. *State,* 90 *Ga.* 472, 16 S. E. 102; *Green* v. *State,* 124 *Ga.* 343, 52 S. E. 431; *Mann* v. *State,* 124 *Ga.* 760, 53 S. E. 324, 4 L. R. A. (NS) 934; *Myrick* v. *State,* 199 *Ga.* 244, 34 S. E. 2d 36), yet "Malice shall be implied where no considerable provocation appears, and where all the circumstances of the killing show an abandoned and malignant heart." Code § 26-1004; *Anderson* v. *State,* 196 *Ga.* 468, 472 (26 S. E. 2d 755).

2. The evidence in this case discloses that the defendant attacked the decedent with an ice pick and inflicted upon her seven penetrating wounds of the chest, a majority of which were on the left side, and measured approximately two or three millimeters in diameter, some of which penetrated the heart and lungs; that there was also a one and one-half inch deep laceration on the left chin and a laceration on the right chin; and that the cause of death was the penetrating wounds of the heart and lungs, which could have been inflicted by an ice pick. The evidence further discloses that, during the same evening, the defendant not only killed Mabel Jordan, the person named in this indictment, but also her daughter, Catherine Jordan, upon whose body were found nineteen stab wounds and two severe lacerations about the face; that the defendant carried the bodies of both decedents out of the house and buried them in a hole which he dug in the back yard, covering them over with dirt and setting out flowers or weeds in the loose dirt covering the bodies, where they were later found by the police officers, who were called by neighbors to investigate the disappearance of the decedents. This evidence was ample to authorize a finding by the jury that the weapon with which the mortal wounds were inflicted, in the manner in which it was used on the occasion in question, was a weapon likely to produce death. In *Hanvey* v. *State,* 68 *Ga.* 612 (4), it is held: "If a deadly weapon be used in a homicide in the usual and natural manner in which such weapon would produce that result, the presumption of an intention to kill would arise." In *Reed* v. *State,* 168 *Ga.* 731, 732 (10) (149 S. E. 23), this court approved as abstractly correct a charge by the trial court that "An abandoned and malignant heart, in the sense of the law, is commonly held to be evidenced by a weapon likely to produce death, and a brutal and bloodthirsty use of the same"; and that "From the nature of the wounds the jury were authorized to find that the knife, used in the ordinary way, was a weapon likely to produce death; . . . and that there was a brutal and bloodthirsty use of the same." See also *Bryant* v. *State,* 157 *Ga.* 195 (2) (121 S. E. 574); *Goosby* v. *State,* 153 *Ga.* 496 (5) (112 S. E. 467); *Hicks* v. *State,* 178 *Ga.* 561 (3) (173 S. E. 395); *Plummer* v. *State,* 200 *Ga.* 641, 644 (38 S. E. 2d 411).

3. There was ample evidence to authorize the verdict, and the trial judge did not err in denying the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., not participating.*

SUBMITTED OCTOBER 9, 1956—DECIDED NOVEMBER 14, 1956.

*James H. Archer, Jr., Frank B. Hester,* for plaintiff in error.

*Paul Webb, Solicitor-General, Carl B. Copeland, Thomas R. Luck, Jr., Charlie O. Murphy, Eugene Cook, Attorney-General, Rubye G. Jackson,* contra.