GATES *v.* THE STATE.

While it is necessary to allege in an indictment for murder that the homicide was committed with *malice aforethought,* yet the omission to use that exact expression may be supplied by the employment instead thereof of any language which may be its legal equivalent. The use of the words "malice aforesaid" in lieu of the words "malice aforethought," is not such a defect of substance affecting the real merits of the case as will, after verdict, support a motion in arrest of judgment.

January 28, 1895.

Indictment for murder. Before Judge HARRIS. Troup superior court. November term, 1894.

The indictment charged that Gates, "with force and arms did unlawfully and with malice aforesaid kill and

murder one Lee Sledge, by then and there shooting said Lee Sledge with a certain loaded pistol." Defendant was found guilty, and his motion in arrest of judgment was overruled. The motion was upon the grounds: (1) The crime of murder is insufficiently charged or described. (2) The necessary element of malice, a legal ingredient, is not properly, legally or sufficiently alleged in said indictment, and thus murder is not alleged in the terms or language of the code. (3) Murder is not fully set out in the indictment, for that the malice required to constitute murder, to wit " malice aforethought," is not alleged in said indictment, or that there was a deliberate intention unlawfully to kill or shoot Lee Sledge, the alleged deceased. (4) The death of Lee Sledge, who is alleged to have been shot, is not alleged in said indictment.

F. M. LONGLEY and T. H. WHITAKER, for plaintiff in error.   J. M. TERRELL, attorney-general, and T. A. ATKINSON, solicitor-general, contra.

ATKINSON, Justice.

Upon an indictment for murder, it is necessary to allege and prove that the homicide upon which the prosecution is based was committed with malice which was operating upon the mind of the slayer at the time the fatal blow was given. This may be proven by direct testimony or it may be shown by circumstances, but the fact must, nevertheless, be established. Upon a motion in arrest of judgment after a conviction for the offense of murder, if the allegations of the indictment be sufficient to authorize its admission, this court is bound to presume that the evidence submitted was in accordance with and sufficient to establish the allegations in the indictment. The motion in arrest of judgment in this case is based upon four grounds, the only two (the third and fourth, the first and second being included in the

third) necessary for consideration being, that the offense
of murder is not fully set out in the indictment, for
that the malice required to constitute murder, that is to
say malice aforethought, is not alleged in the indict-
ment, or that there was a deliberate intention unlaw-
fully to kill or shoot the deceased; and the fourth is
that the death of the person alleged to have been slain
is not laid in the indictment.  While ordinarily it is
proper, and perfectly accurate pleading would seem to
require, that each constituent element of an offense
should be in the indictment stated in the language of the
code, yet upon motion in arrest of judgment this is not
essential, if the language employed is a fair legal equiv-
alent of the terms employed by the code.  The term
malice aforethought in the code means that the homicide
must be committed upon premeditated design, and that
term necessarily includes malice both express and im-
plied, either of which is sufficient, if proven, to sustain
a conviction.  Where the indictment alleges that the
homicide was committed with malice, and instead of the
word *aforethought,* employs the word *aforesaid,* the effect
of the use of this latter expression might be to limit the
State in its introduction of testimony to the showing of
that malice which had theretofore by the slayer been
expressed.  It might limit the range of judicial inquiry
to the existence of that particular kind of malice alleged
in the indictment; that is to say, malice *aforesaid.*  But
if it be true as alleged in this indictment that the de-
fendant slew the deceased unlawfully and with malice
aforesaid, the jury would be authorized, indeed required,
to convict him; because to say that he slew him with
malice is an allegation that at the time the deceased was
slain malice was the preponderating motive in the mind
of the slayer.  After a conviction, the presumption
being that the evidence was in accord with the exact
allegations as made in the indictment, it will be pre-

sumed that this defendant slew the deceased with malice aforesaid, that is to say, with malice which had previously been declared by the accused.   We do not think the fourth ground of the motion in arrest of judgment is sustained by the record, as will be apparent from a perusal of the indictment.   The allegation is, that the defendant, with malice aforesaid, did kill and murder the deceased.   We think it may be fairly implied from the use of this language, it being alleged that the deceased was both killed and murdered, that he is in fact dead.   The court committed no error in overruling the motion in arrest of judgment.          *Judgment affirmed.*