## · 924.   BARBER v. THE STATE.

1. The evidence authorized the verdict.
2. A party can not impeach a witness he introduces, unless it be shown
   that he is entrapped by the witness; but the jury are not for that rea-
   son required to believe such a witness in preference to others.· Conse-
   quently, though the State introduce a witness whose testimony, if be-
   lieved, may show the innocence of the accused and contradict the evidence
   of another witness, previously introduced, which established his guilt, the·
   defendant is not thereby necessarily entitled to an acquittal. The credi-
   bility of both witnesses, and the comparative credibility of each, is a
   matter to be determined by the jury.

Accusation of gaming, from city court of Hall county—Judge
Boone.   December 14, 1907.

Submitted February 3,—Decided February 11, 1908.

*C. R. Faulkner, Ed. Quillian,* for plaintiff in error.

*Fletcher M. Johnson, solicitor,* contra.

RUSSELL, J.   Barber, the plaintiff in error, was tried for the
offense of gaming, upon an accusation preferred by one J. J. Dun-
agan.   The accused introduced evidence to the effect that he went
with one Collins to a field where Ira Ashley (with whom he was:
accused of having gambled) was plowing, to see Ashley about buy-·
ing a cow.   Collins plowed in Ashley's place while the defendant
and Ashley walked over to a pasture and looked at the cow; and
Collins testified, that the negro Ashley and Mr. Barber were not
out of his sight while he was plowing; that they did not sit down
or play any cards at all; that the State's witness, Dunagan, came
from his house, ·straight down the road, to where Collins was
plowing, and from there went straight to where the defendant was;
he did not walk up a ditch or fence row, but went straight to
where Barber and the negro were looking at the cow.   Gilbert, a
witness for the State, testified to about the same effect as the de-
fendant's statement and the testimony of Collins, the defendant's
witness.   He testified to being in the field near the pasture, seeing
Dunagan come down the road to where Collins was plowing and go
straight to Barber and the negro.   He swore that he saw the de-·
fendant and Ashley almost all the time, except when he went to
the opposite end of the field as he plowed; that they were standing
up under a tree or walking about.   They were not sitting down at
all while in his sight, and he was not out of sight of them longer
than seven or eight minutes at a time.

This evidence would certainly have authorized an acquittal of the defendant; for the time and the place of the gaming charged were identical with the time and place to which the defendant's testimony was directed; and it is the only evidence except the testimony of the prosecutor. If it were the only evidence, the verdict finding the defendant guilty would have been flagrantly contrary to the evidence, as contended by counsel for plaintiff in error. If it were the only evidence, we should unhesitatingly set the verdict aside as contrary to law, for lack of evidence; and counsel for the plaintiff in error probably wondered that he was convicted, inasmuch as one of the two witnesses for the State himself testified enough to have authorized the acquittal of their client. The prosecutor stood alone. But the prosecutor testified, that he looked out in the pasture from the point where he found Collins plowing in the negro's place, and saw the defendant and the negro sitting down playing cards; that he was about ten or fifteen steps from them, and that they did not see him; that they were playing cards with the money between them; that they were shuffling and dealing cards, and the money was on the ground between them. He further testified, that he went back around to Collins, and, as he started towards Barker and Ashley, they got up off the ground and took up something. At that time the witness could not tell what they picked up, because he was about 200 yards from them. He went up to them and asked the negro what he was doing there. He further testified, that the negro had no cow; and further that he was hidden by the bushes from the players, and that from where Gilbert and Collins were at work they could not see Barker and Ashley.

If the jury believed the prosecutor the verdict of guilty was fully authorized. And they had the right to believe him, in spite of the fact that he testified that he had had a fight with the defendant and that his feelings towards him were not good. The fact that his feelings were not good might discredit his testimony before the jury, but it should not necessarily have that effect. No complaint is made that the court committed any error in his charge, or in the admission or exclusion of testimony. The case comes under the well-settled rule, already announced in a number of decisions by this court, that the settlement of disputed issues of fact by the jury, in the absence of any error on the part of the

court which may have induced or contributed to the finding, is conclusive. It is only on account of our respect for the great zeal and earnestness evidenced by counsel for plaintiff in error that we have been led into a more lengthy discussion of the facts than is necessary.

The fact that a witness introduced by the State testified in behalf of the defendant, or at least testified to a state of facts which showed that the defendant could not be guilty of the offense charged, at the time and place with reference to which he was accused, is of no consequence after a verdict of guilty, if other evidence was introduced by the State sufficient to authorize conviction. While the State can not impeach a witness it has introduced, unless State's counsel has been shown to have been entrapped by him, still the jury is not compelled to believe the witness. The case, upon this point, is controlled by the decision in *Alexander v. State*, 1 *Ga. App.* 289 (57 S. E. 996). *Judgment affirmed.*