## CASON v. THE STATE.

LUMPKIN, J. 1. Under the Penal Code, § 858, if, on the trial of a person indicted for a felony, the jury can not be made up from the regular panel of forty-eight, the court shall continue to furnish panels, consisting of such numbers of jurors as the court, in its discretion, may think proper, until a jury is obtained. Unless the court abuses its discretion in regard to the number of jurors in such successive panels, it will furnish no ground for reversal.

(a) Where, after ten jurors had been selected, the regular panels were exhausted, and the court drew thirty talesmen and directed the sheriff to summon them, and upon four of them coming into court they were put upon the defendant as a special panel, and subsequently as others came in they were put upon him one at a time, it does not appear that such a proceeding was an abuse of discretion on the part of the presiding judge.

2. Where a juror's name appeared on the book containing the jury list as Sterling Whitfield, and the man summoned was named Starling Whitfield, and the evidence introduced before the judge clearly showed that the two were identical, and that there was a mere error in spelling the juror's first name, it furnished no ground for a new trial that the court held the juror competent and directed the clerk to correct the spelling of the name on the list of jurors drawn.

3. Where, after the defendant had exhausted his strikes, a juror was put upon him, accepted, and told to take his seat in the jury-box, but at once, and before the juror was sworn, the court stated that he had forgotten to ask if the juror had any excuse, and upon the statement of the latter that he had a pain in his breast, had been sick two or three days, and did not think he was able to serve, and upon observation of his physical condition and appearance as a sick man, the court excused him from the jury, this furnished no ground for a new trial, although the defendant's counsel stated that they did not want to be understood as agreeing to excuse the juror. *Ozburn* v. *State*, 87 *Ga.* 173 (13 S. E. 247).

4. After the juror had been excused, there was no error in overruling a motion to declare a mistrial on that ground, and proceeding regularly to have the panel completed.

5. Where a person was walking along a street at night, and saw the flash of a pistol and heard the report, and thereupon went immediately to the place, traversing a distance estimated at about one hundred and fifty yards, and occupying in going about two minutes of time; and where, on approaching the spot he saw a man run away in the dark, and thinking that he recognized the man who had been shot and who had fallen to the ground, he called the name of such person and asked if it were he, and, on receiving an affirmative answer, asked who had shot him, and the wounded man answered giving the name of the accused and died a few minutes later, on a trial of the accused for his murder there was no error in admitting evidence of the above-stated facts over the objection that the conversation detailed was hearsay and neither dying declarations nor part of the res gestæ.

6. The evidence sufficiently identified the pocketbook and warrant claimed to have been found in the pocket of the city marshal, who was killed, so as not to require a new trial on account of their admission in evidence as against an objection that they were not shown to have been in his pocket, or to be the same book and paper in it as those found, and to be unchanged, or that they were irrelevant.

7. The evidence for the State made a prima facie showing that the warrant was issued by the city clerk.

8. A copy of a section of a municipal ordinance which on its face was complete in itself and declared that it should be unlawful for any person to be in a state of intoxication or drunkenness in the city, or to conduct himself openly on the streets or public places like one intoxicated or drunk, and directed that a person should be taken in custody by the marshal at once, if found in such a condition, but should not be tried until sober. It was certified by the city clerk as a "true copy of section 9 of the ordinance two hundred and fifty-three as contained on page 293 of book of ordinances of the city of Tallapoosa." This was admitted in evidence along with evidence tending to show that the accused was drunk and acting in a drunken manner on the streets; and that the marshal was sent for, and took him into custody. *Held*, that the transcript was not objectionable on the ground that the city clerk was not the proper person to certify to the ordinance, or that it was not relevant. Civil Code, § 5216.

(*a*) Where it is sought to have the clerk of a municipal corporation certify to a transcript of an ordinance, generally the entire ordinance on the subject in hand should be copied, so that it may be determined what is the effect of the ordinance as a whole. But, under the facts of this case, the admission of the certified transcript of the section authorizing an arrest of one drunk on the streets, along with evidence tending to show that the accused was thus drunk, and killed the marshal who arrested him, will not furnish ground for a reversal.

9. By section 16 of the charter of the City of Tallapoosa (Acts 1888, p. 240) it is provided that "All processes, writs, warrants, subpœnas, or other papers shall be issued by the clerk of council in the name of the mayor of said city, and signed by such clerk; and it shall be the duty of the marshal of said city to serve all such processes," etc. The warrants referred to were warrants for the arrest of offenders against municipal ordinances.

10. The newly discovered evidence did not require a new trial.

11. If there were inaccuracies in any of the rulings or charges of the court of which complaint was made in the numerous grounds of the motion for a new trial, in view of the entire evidence and the charge of the court they are not such as to require a reversal. The evidence introduced for the State made a plain case of murder. The accused introduced no witness except the clerk of council, who testified that he did not issue the warrant on the day it bore date, though he identified the signature as his. The accused in his statement did not claim that he was resisting an illegal arrest, but stated that after his arrest, and as the marshal reached the city prison, he took a pistol from the pocket of the accused; that in the dark the latter stumbled and threw out his hand,

causing an accidental discharge of the pistol. This was met by proof of previous threats, of flight from the scene of the homicide, and of the fact that the safety attachment of the pistol was such as to render it reasonably impossible for the firing to have occurred in such manner. The presiding judge did not err in overruling the motion for a new trial. *Judgment affirmed.* *All the Justices concur.*

JULY 13, 1910.

Indictment for murder. Before Judge Edwards. Haralson superior court. May 17, 1910.

*Griffith & Matthews*, for plaintiff in error. *John C. Hart, attorney-general*, and *W. K. Fielder, solicitor-general*, contra.