### 5249.  KELLY v. THE STATE.

POTTLE, J.  1. It is not a good ground to challenge the array of a petit jury that a brother of the sheriff who summoned the jury instituted the prosecution after the jury was summoned.

2. The act creating the city court of Bainbridge provides that all laws in reference to the drawing, summoning, and impaneling of traverse jurors in the superior courts shall apply to the city court, except that the number of jurors drawn shall be 18 instead of 36, and confers upon the judge of the city court the same power to summon jurors as is possessed by the judges of the superior courts. Acts 1900, p. 110, §§ 25, 26.  In reference to superior courts the statute provides that 36 jurors shall be drawn to try civil cases and misdemeanors, and 48 jurors to try felonies. Penal Code, §§ 856, 862.  If some of the jurors drawn are engaged in the consideration of a case, so that a full panel can not be furnished, the judge has power to summon additional jurors, and may either draw their names from the jury-box or direct the sheriff to summon tales jurors.  Penal Code, § 863.  The number of jurors to be summoned rests in the discretion of the trial court, which will not be controlled unless abused.  *Cason* v. *State*, 134 *Ga.* 768 (68 S. E. 554).  If when the regular panel of jurors is drawn the judge anticipates that additional jurors will be needed, he may draw them and have them summoned with the regular panel.  The code provisions in reference to the number of jurors to be drawn are merely directory.  It follows that if, when jurors are drawn for the city court of Bainbridge, the judge anticipates that a larger number than the regular panel of 18 jurors will be needed, he may draw and summon such number as in the exercise of a sound discretion he deems necessary.  One accused of crime in that court has a right to demand a panel of 18 qualified jurors; and if such a panel be put upon him, he can not challenge the array on the ground that it was made up from a larger number of jurors regularly drawn and summoned by the city-court judge.

3. The accused was tried for pointing a gun at another.  One witness (a bystander) testified positively that he saw the accused point the gun at the person named in the accusation.  The fact that this person was unable to swear that the accused pointed the gun at him did not demand an acquittal.  The question was one for the jury.

*Judgment affirmed.*

DECIDED NOVEMBER 25, 1913.

Accusation of pointing weapon; from city court of Bainbridge— Judge Spooner.  September 8, 1913.

*G. G. Bower, W. M. Harrell,* for plaintiff in error.

*M. E. O'Neal, solicitor,* contra.