## ALMAND v. THE STATE.

FISH, C. J. 1. The court instructed the jury in accordance with the Penal Code, § 1017, to the effect that the testimony of a single witness is generally sufficient to establish a fact, but that one exception to the rule is that in a case of felony, where the only witness is an accomplice, there must be another witness than the accomplice, or corroborating circumstances may dispense with another witness; and further: "The corroborating circumstances, which will dispense with another witness in a felony case, where the only witness is an accomplice, must be of that character of corroboration which is not as to the time and place and manner and circumstances of the transaction in question, but must be circumstances which corroborate the testimony of the accomplice as to the fact that the defendant on trial was the perpetrator of the offense, or so concerned in the perpetration as that he would be guilty under the law of the crime charged in the indictment. If, therefore, in your investigation of the evidence you find that there is testimony of one who is an accomplice in the crime, before you would be authorized to convict you must find that there are corroborating circumstances which have been brought to your attention through the evidence, which, in connection with the testimony of the accomplice, will satisfy you beyond a reasonable doubt that the defendant on trial was either the perpetrator or one of the perpetrators of the offense charged in the indictment, or was so concerned in the perpetration of the offense as would make him guilty as a principal in the crime What these circumstances are, which appear in the evidence, if any do appear, is a matter for your consideration and determination, and the extent to which the testimony of the accomplice may or may not be corroborated is a matter for your consideration and determination. But you must

be satisfied beyond a reasonable doubt, after giving due consideration to the testimony of the accomplice, that the testimony of the accomplice and the corroborating circumstances are such as to satisfy you beyond a reasonable doubt of the identity of the accused as one of the perpetrators of the offense. If you find in the evidence no circumstances which are in your opinion sufficient to corroborate the testimony of the accomplice, then the case would stand alone on the testimony of the accomplice. and you would not be authorized to find the defendant guilty. But, on the other hand, if you find in the evidence circumstances which are sufficient to satisfy you beyond a reasonable doubt of the guilt of the accused, then you would be authorized to find a verdict of guilty upon the testimony of the accomplice and the corroborating circumstances which are sufficient to satisfy you of the truth of the fact that is in question, and as to whether the defendant is guilty of the crime charged." *Held:*

(*a*) This instruction was not erroneous for the reason as contended, "that the court charged conjunctively that the testimony of the accomplice and the corroborating circumstances may be sufficient to satisfy the minds of the jury and dispense with another witness," and that the court "should have charged, 'that the law requires that the testimony of the accomplice should be corroborated by other facts and circumstances tending to establish the commission of the crime as charged in the indictment, and that the corroborating evidence must, independently of his testimony, connect the defendant with the commission of the offense and tend to show his guilt.' " The character of the corroborating circumstances which may dispense with another witness in a felony case where the only witness is an accomplice was correctly defined in the beginning of the instruction above quoted, and throughout the instruction the character of the necessary corroborating circumstances was clearly indicated; and it was therefore not necessary for the court to use the word "independently."

(*b*) Nor did the court err in such instruction because, as is contended, the court submitted to the jury "the question as to whether or not Robert Etchison [a witness for a State] was an accomplice, when, by his evidence, he was a confessed accomplice and was jointly indicted with Will Almand [plaintiff in error] as one of the principals in the crime of murder."

2. One ground of the motion for a new trial was in substance that a given witness who testified on the trial in behalf of the State to certain occurrences on the night of the homicide, tending to connect the movant with the killing, had, since the trial, made an affidavit to the effect that he had discovered subsequently to the trial that he was mistaken in testifying that the occurrences took place on the night of the homicide. and that they really happened a week prior thereto. *Held*, that it was not error to refuse a new trial on this ground, where the State, on the hearing of the motion, put in evidence a subsequent affidavit of the same witness in substantial accord with his testimony given on the trial.

3. The alleged newly discovered evidence was impeaching, and was not of such character as would probably produce a different result on another trial.

4. Another ground of the motion for a new trial was in substance that on the trial of Will Almand, the defendant in this case, a witness, Robert Etchison, testified in behalf of the State that Will Almand, and Merritt Catlin, who were jointly indicted, confessed to the witness, about ten o'clock on the morning after the homicide, that they had killed the deceased, and that the same witness, on a subsequent trial of Merritt Catlin, testified that the confession was made to him at four o'clock on the morning after the homicide. *Held*, that while such discrepancy, under the circumstances of the case, was material, it went to the credibility of the witness, and did not require the grant of a new trial.

5. After an attentive examination and consideration of the voluminous evidence contained in the record, we have reached the conclusion that the verdict was not without evidence to authorize it, and that there was no abuse of discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent, and Atkinson, J., dissenting from the ruling in the first headnote.*

No. 1283.  June 13, 1919.  Rehearing denied July 19, 1919.

Indictment for murder.  Before Judge Cobb.  Walton superior court.  December 13, 1918.

The plaintiff in error was convicted of murder, with a recommendation that he be punished by imprisonment for life.  He excepted to the refusal of a new trial.

*Orrin Roberts* and *R. L. Cox,* for plaintiff in error.

*Clifford Walker, attorney-general, W. O. Dean, solicitor-general,* and *M. C. Bennet,* contra.