30880. HAYSLIP *v.* LIBERTY MUTUAL INSURANCE CO. *et al.*

DECIDED JUNE 1, 1945.

*Charles G. Bruce,* for plaintiff.
*Neely, Marshall & Greene,* for defendants.

FELTON, J. ▉ The credibility of a witness is a matter exclusively for a fact-finding body when the facts testified to by him are not inherently at variance with the common knowledge and experience of mankind; and a reviewing court with power to determine questions of law only can not interfere with the findings crediting a witness, no matter how many witnesses may have testified to the contrary or how many circumstances may have been adduced to disprove the testimony of the single witness. Code, § 38-1805; *Watson* v. *State,* 13 *Ga. App.* 181 (78 S. E. 1014); *Patton* v. *State,* 117 *Ga.* 230 (43 S. E. 533); *Berry* v. *State,* 185 *Ga.* 334 (195 S. E. 172). Under the above ruling this court can not reverse a finding by the State Board of Workmen's Compen-

sation crediting the testimony of a witness who testified that the claimant was not engaged in helping a fellow employee move a platform, in connection with the moving of which the claimant contends he was injured, though there was testimony to the contrary.

■ If there is competent evidence in the record to sustain a general award not based on any particular unauthorized findings of fact, a reviewing court is without authority under our laws to set it aside. This is true even if some findings of fact by the board are unauthorized, whether based on findings not logically tenable or whether based on illegally admitted testimony or other evidence. *American Mutual Liability Insurance Co.* v. *Sisson,* 198 *Ga.* 623 (32 S. E. 2d, 295).

■ An award participated in by only two of the three members of the State Board of Workmen's Compensation is valid. The Code, § 114-703, provides that "Any two directors shall constitute a quorum for the transaction of any business or the rendition of any decision herein provided to be made by all of the directors." The court did not err in affirming the award of the State Board of Workmen's Compensation denying compensation.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*