MARTIN *v.* THE STATE.

No. 17292.　November 14, 1950.

C. W. *Buchanan* and *Frank W. Brandon,* for plaintiff in error.
*Eugene Cook, Attorney-General, Paul Webb, Solicitor-General,* and *William Hall,* contra.

CANDLER, Justice. (After stating the foregoing facts.) ■ In the first ground of the amended motion for new trial, it is con-

tended that the venue of the alleged offense was not sufficiently shown. There is no merit in this ground. A witness for the State, a police officer, who conducted an investigation of the offense charged, testified that the defendant and his co-indictees freely and voluntarily admitted to him and his associate investigating officer that they each had sexual intercourse with the prosecutrix; that they afterwards freely and voluntarily identified the place where she claimed that they had raped her; and that the place so identified was in Fulton County, Georgia. The defendant offered no evidence to show that his admitted act of intercourse was committed elsewhere; and this court has frequently said that, where there is no conflict in the evidence concerning venue, as here, only slight evidence is necessary to prove venue. *Climer* v. *State*, 204 *Ga.* 776 (2) (51 S. E. 2d, 802); *Carrigan* v. *State*, 206 *Ga.* 707, 718 (58 S. E. 2d, 407). And *Alderman* v. *State*, 57 *Ga.* 367 (2), cited and strongly relied upon by the plaintiff in error, does not require a ruling different from the one here made; and this is true because the facts in the instant case concerning venue are materially different from those in the case cited and relied upon. Consequently, the court did not err, as contended, in overruling the amended motion for new trial upon the ground that the State failed to prove venue.

■ Special ground 2 complains of the court's failure to grant a mistrial, on motion of the defendant's counsel therefor, "when highly prejudicial and improper remarks were made by the assistant solicitor [naming him] to the court and jury, to the effect that he was going to ask the court to hold a certain witness for the defense [naming him] for contempt of court for having attempted to intimidate a witness for the State, namely, the prosecutrix [naming her]." Later, in the same ground, it was also alleged "that it is highly probable that the injury was not eradicated by the instructions to the jury to disregard the remarks and by the rebuke of the offending assistant solicitor by the court." We are not authorized to say that the court erred in overruling the amended motion and in denying the defendant a new trial on this ground. We are of the opinion that any possible injury which may have resulted to the defendant from the alleged improper and prejudicial remarks could have been eradicated from the mind of the jury by a proper rebuke of the State's

counsel (*Sloan* v. *State*, 183 *Ga.* 108, 187 S. E. 670); and since the movant did not allege, either literally or in substance, the language employed by the trial judge in rebuking the State's offending counsel for any improper and prejudicial remark so made, the ground is too vague and incomplete to be considered by us. *Dye* v. *Dotson*, 201 *Ga.* 1, 8 (6) (39 S. E. 2d, 8); *Harrison* v. *Lovett*, 198 *Ga.* 466 (5) (31 S. E. 2d, 799). However, there is a presumption that the trial judge properly rebuked counsel for the alleged improper and prejudicial remarks; and no facts being alleged which are suffifficient to show that he did not, we will presume that he did and that the defendant suffered no injury from the remarks complained of. The burden is always upon him who asserts error to show it affirmatively by the record.

■ In special ground 3 of the amended motion for new trial, the movant insists that a lengthy quoted part of the charge, given to the jury concerning the form of its verdict in the event they convicted the defendant and the punishment they would be required to fix under the provisions of the indeterminate-sentence law, "was repetitious, superfluous, argumentative, ambiguous, misleading, and confusing to the jury." We have carefully examined the charge as a whole, and especially the portion complained of, and it is sufficient to say, without quoting the excerpt excepted to, that it is not subject to any of the imperfections asserted. Consequently, this ground of the motion is without merit.

■ Although the statement of the defendant and the testimony of his two companions, as witnesses in his behalf, were to the effect that the defendant's admitted act of sexual intercourse was with the consent of the prosecutrix, and that she got into the automobile with them voluntarily, and to that extent such statement and testimony were in conflict with the alleged victim's testimony, nevertheless, her evidence, with its corroboration by other witnesses, as shown by our statement of the facts, was amply sufficient to authorize the jury to find the defendant guilty of rape; and that being true, a reversal of the judgment complained of is not required on the general grounds of the motion.

The judge did not, for any reason assigned, err in rendering the judgment complained of.

*Judgment affirmed.  All the Justices concur.*