## Wharton v. Cheltenham Township

*J. Harry Wagner, Jr.*, for appellant.
*David E. Groshens*, for petitioner.

KNIGHT, P. J., June 5, 1952.—This is an appeal from what purports to be a decision of the Board of Adjustment of Cheltenham Township.

On March 5, 1951, Earle K. Wagner on behalf of himself and his wife filed a petition with the board of adjustment requesting a special exception under section 1409 of the zoning ordinance of Cheltenham Township, permitting them to convert their dwelling house situate on the former Wharton Estate at Ashbourne Road and Jenkintown Road into a three-family dwelling.

A hearing was held after proper public notice on April 24, 1951, at which testimony was heard for and against the application. On May 31, 1951, a decision was handed down granting the exception. Katherine E. Wharton, an aggrieved neighbor, appealed to this court and the case was heard before the writer of this opinion on May 15, 1952.

It has been held in many cases that a decision of a board of adjustment should not be set aside except for a mistake of law or a manifest and flagrant abuse of discretion. In this case there has been a mistake of law and the decision must be set aside.

When Earle K. Wagner made his application for a special exception, he was a member and chairman of the Board of Adjustment of Cheltenham Township. At that time there were but two members of the board, Earle K. Wagner and John Lawrence. Since Mr. Wagner was a member of the board and testified in favor of his own application he very properly disqualified himself from taking any part in the discussion and the decision.

The hearing was held before Mr. Lawrence and he alone signed and handed down the decision. The question then before us is whether a decision of a board of adjustment rendered by one member is legal and valid.

The zoning ordinance of Cheltenham Township was enacted by virtue of the enabling Act of June 29, 1923,

410

P. L. 957, as amended, 53 PS §15731 et seq. Section 7 of this act provides for a board of adjustment which shall consist of three members appointed by the township commissioners. The section further provides:

"The Board of Adjustment shall have the following powers: . . . (2) To hear and decide special exceptions to the terms of the ordinance upon which such board is required to pass under such ordinance;".

The Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 35, 46 PS §535, provides:

"Words in a law conferring a joint authority upon three or more public officers or other persons shall be construed to confer authority upon a majority of such officers or persons." From the above there arises a strong implication that any number less than a majority of a board or commission has no authority to act for it.

The same section provides: "A majority of any board or commission shall constitute a quorum". It is fundamental that only a legally constituted quorum can act for any deliberative body whether it be a board, commission, or assembly. See Curry v. Claysville Cemetery Association, 5 Pa. Superior Ct. 289 (1897), and Commonwealth ex rel. v. Garvey, 217 Pa. 425 (1907).

We can find nothing in the enabling Act of 1923, supra, or its amendments or supplements which provide that one member may constitute a quorum of a board of adjustment. In the absence of such legislation the provisions of the Act of 1937, supra, will govern and a majority of the board of adjustment is necessary to constitute a quorum for the transaction of the business and duties of the board. It is obvious that a quorum of the Board of Adjustment of Cheltenham Township was not present when his case was heard and decided.

We have been unable to find any case in Pennsylvania in which the exact question before us had been discussed or decided, but there are cases in other jurisdictions holding that a majority of an administrative agency is necessary for acts of that agency to be valid. See Austin-Western Road Machinery Co. v. Fayette County, 99 F.(2d) 565 (Ga., 1938); Visceglia et al. United States et al., 24 F. Supp. 355 (D. C., N. Y., 1938); Bandini Estate Co. v. Los Angeles County, 28 Cal. App. (2d) 224, 82 P.(2d) 185; Hayslip v. Liberty Mutual Ins. Co. et al., 72 Ga. App. 509, 34 S. E.(2d) 319; Allison v. Wilhite, 106 Ind. App. 16, 17 N. E.(2d) 874; McLaughlin v. Wheeler, 38 S. W. 493 (Ky., 1897).

We hold that John Lawrence acting alone did not constitute a quorum of the Board of Adjustment of Cheltenham Township and that the decision handed down by him in the above case granting a special exception to Earle K. Wagner and his wife is invalid and void.

As the application may come again before the newly appointed board of adjustment we will refrain from any comments upon the merits of the case.

And now, June 5, 1952, the appeal of Katherine E. Wharton is sustained, the purported decision of the Board of Adjustment of Cheltenham Township rendered in this case is set aside and the special exception granted to Earle K. Wagner and his wife is declared invalid and void.

The case was heard by one judge of this court and exceptions may be taken to the above order within 15 days, otherwise the above order shall be the final judgment of the court.