20247. KEMP *v.* THE STATE.

DUCKWORTH, Chief Justice. The accused was indicted, tried, and convicted in DeKalb Superior Court of murder. The jury returned a recommendation of mercy. The indictment alleged that he did unlawfully and with malice aforethought, while operating and driving a certain automobile upon a street in DeKalb County, under the influence of intoxicants, at a rate of speed of approximately 70 miles per hour, drive said automobile across the center line of said road into the driveway of the residence of the deceased, thereby striking him and inflicting the wounds and injuries causing his death. The evidence in substance showed that, shortly before the collision and immediately prior to the collision, the defendant was driving the car involved at a speed of seventy to seventy-five miles per hour and lost control of the car as it rounded a curve, driving it all over the road, and hitting the deceased on a motor scooter in the driveway of the residence of the deceased on the opposite side of the road from the lane in which the accused was required to drive; that the accused, both at the scene and later in the hospital, had the odor of alcohol on his breath, had been drinking prior to the accident, and the analysis of his blood sample, taken 2 to 3 hours after the accident, showed the blood alcohol was .13% by weight; that, from .05% up to .15% by weight, the person whose blood is being tested is considered to be in the questionable range of intoxication, and may or may not be under the influence of an intoxicant, and above .15% he is

presumed to be intoxicated although this is a rebuttable presumption. There was other evidence that the accused had not been drinking, was not under the influence of intoxicants, was not speeding, and that the accident occurred when the motor scooter pulled out in front of the accused and the accused tried to dodge the motor scooter. The defendant stated that he had not been drinking, and that he hit the motor scooter when he attempted to pull to the left to avoid hitting it when it pulled out in front of him on the right, but then "cut right in front of me." *Held:*

1. Counsel for the plaintiff in error having expressly abandoned the first special ground for new trial, no consideration will be given to this ground.

2. The second special ground excepts to the allowance in evidence of testimony by a police officer who investigated the crime as to a statement made by a witness who was riding with the accused at the time of the accident, the objection being that it was hearsay, the conversation had not taken place in the presence of the accused, and was not contained in a written statement made by this witness. Where the solicitor-general has been entrapped by a witness who had made a written statement to a police officer investigating the crime, different from his sworn statement and prejudicial to the case being made, such statement may be allowed in evidence for impeachment purposes only. Code (Ann.) § 38-1801 (Ga. L. 1947, p. 568); *Sparks* v. *State,* 209 *Ga.* 250 (71 S. E. 2d 608). The testimony objected to, which was whether or not the witness had told the police officer the accused had been drinking, was allowed in evidence as impeaching testimony, was also contained in the written statement allowed in evidence to impeach the witness; and since it showed that the accused was not drinking, it was not harmful to the accused. There is no merit in this ground.

3. The evidence, although conflicting, shows that the accused killed the deceased by striking him with an automobile almost in every respect as alleged in the indictment, hence the general grounds are without merit. See *Butler* v. *State,* 178 *Ga.* 700 (173 S. E. 856); *Smith* v. *State,* 204 *Ga.* 184 (1) (48 S. E. 2d 860); and compare *Josey* v. *State,* 197 *Ga.* 82 (28 S. E. 2d 290). For all the foregoing reasons, the court did not err in denying the motion for new trial as amended.

*Judgment affirmed. All the Justices concur, except Wyatt, P. J., and Head, J., who dissent.*

SUBMITTED OCTOBER 16, 1958—DECIDED NOVEMBER 7, 1958.

*James R. Venable,* for plaintiff in error.

*Richard Bell, Solicitor-General, E. T. Hendon, Jr., Assistant Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, Deputy Assistant Attorney-General,* contra.