## 20921. WALLACE v. THE STATE.

Duckworth, Chief Justice. The defendant was indicted, tried, and convicted of the murder of a policeman in Fulton County, Georgia. The indictment was in two counts, the first alleging that the defendant made an assault with an automobile, "the same being a weapon likely to produce death," with malice aforethought, upon the deceased who was riding a motorcycle upon a public highway of Fulton County, thereby knocking the deceased to the ground and inflicting the wounds from which he died; and the second count alleging that the accused did kill the deceased without any intention of doing so, but maliciously in the commission of an unlawful act by operating an automobile under the influence of intoxicants and at a greater rate of speed than 60 miles per hour by knocking the deceased from the motorcycle on which he was riding on a certain highway in the corporate limits of the City of Atlanta of said Fulton County, thereby inflicting the wounds from which he died. Demurrers were filed to count II, and after a hearing overruled. Exceptions are taken to this ruling and to a later ruling denying a motion for new trial as amended, containing 10 special grounds. *Held:*

1. Count II of the indictment charges in correct and technical terms the language of the Code, and the nature of the offense can be easily understood by the jury, as required by Code § 27-701. However, counsel for the plaintiff in error insists that the words, "without any intention to do so, but maliciously in the commission of an unlawful act," are confusing and conflicting in that they confuse the crime of involuntary manslaughter with murder, and are contradictory in that they charge murder with intent as well as murder without intent, and should have been stricken on demurrer. While there may be murder without intent under Code § 26-1009, there must be malice as there can be no murder without malice, express or implied. Code § 26-1002; *Gates v. State*, 95 Ga. 340 (22 S. E. 836); *Wright v. State*, 166 Ga. 1, 4 (141 S. E. 903); *Jones v. State*, 185 Ga. 68, 70 (194 S. E. 216). The words, "Maliciously in the commission of an unlawful act," do not negative the charge of murder without intent but are merely allegations of malice, and the court did not err in overruling the demurrers to count II.

Nor is there any merit in special ground 1 of the amended motion for new trial, complaining that the jury should not have been allowed to consider count II for the same reasons argued above; or special grounds 7 and 8, which allege that the indictment attempted to charge different offenses of murder under Code §§ 26-1009 and 26-1002. As murder is the same under both Code sections whether it is done with or without the intention to kill, and there can be no murder without malice, there is no merit in any of these grounds.

2. While the two counts of the indictment charge murder with intent to kill and murder without the intent to kill, the jury had ample evidence to support its verdict under count II, since it showed that the defendant committed the crime in the commission of unlawful acts which naturally tend to destroy human life, and death resulted therefrom. Nor did the failure to return a verdict of guilty on count I require an acquittal on count II, as argued by counsel for the movant, and the general grounds of the motion for new trial are without merit.

3. The evidence shows clearly that a witness for the State testified that the scene of the accident was on Marietta Boulevard, which is located in Fulton County, Georgia. Further, the death certificate, submitted in evidence, shows that the deceased was killed on a street of the City of Atlanta, Fulton County, Georgia, and on several occasions witnesses, either on cross or direct examination, stated that the deceased was killed on the highway, the same being Marietta Boulevard, and certain of the photographic exhibits show a four-lane highway with Georgia State Highway route signs thereon. This evidence was sufficient to prove venue, and that the crime occurred in the City of Atlanta, Fulton County, Georgia, on a public street or highway. Code §§ 2-4906, 27-1101; *Climer v. State*, 204 Ga. 776 (2) (51 S. E. 2d 802); *Carrigan v. State*, 206 Ga. 707 (1) (58 S. E. 2d 407); *Martin v. State*, 207 Ga. 482, 486 (1) (62 S. E. 2d 158); *Scott v. State*, 210 Ga. 137 (5) (78 S. E. 2d 35); *Wells v. State*, 210 Ga. 422 (2) (80 S. E. 2d 153). Hence there is no merit in special grounds 2, 3, and 6, complaining that venue was not established or proven, or that there existed a fatal variance between the allegations of the indictment and the evidence introduced.

4. Complaint is made of the excerpt from the charge of the court that a presumption of malice may arise from a reckless disregard for human life, and that a wanton and reckless state of mind is sometimes the equivalent of a specific intent to kill, because it was inapt, not a correct principle of law, not adjusted to the issues, and prejudicial to the accused. The charge is an apt and correct principle of law as to implied malice, and is not subject to any of the grounds of complaint. See *Myrick v. State*, 199 Ga. 244 (34 S. E. 2d 36). This ground of the amended motion is without merit.

5. Objection was made to a certain statement of the solicitor in a colloquy between the court and counsel in regard to the relevancy of a blood test of Cecil Andrew Cooper, who was jointly indicted with the accused, but who was not on trial in this case. In answer to a query by the court, the solicitor stated that the State contended a conspiracy existed between Cooper and the defendant, and any act of one of the parties is relevant to the case, and that he intended to show this codefendant was also drunk at the time of the accident. Objections were made that this statement was harmful and prejudicial, and was a ground for a mistrial, a motion being made therefor and denied. Special ground 5 complains of the failure of the court to grant the mistrial or rebuke the solicitor for making such improper remark. The remark was made in answer to the court's question, nor was it harmful or prejudicial for the solicitor to state the contentions of the State, and no rebuke was necessary. There is no merit in this ground.

6. Since the jury did not return a verdict on count I, the alleged failure of the judge to advise the jury, after he had read count I, that the accused had entered a plea of not guilty thereto, if erroneous, could not be said to have been harmful to the accused, and the court did charge, after reading both counts, that the accused pleaded not guilty to both counts. There is no merit in this ground.

7. For the foregoing reasons the court did not err in overruling the demurrers and in refusing to grant a new trial. *Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 14, 1960—DECIDED JULY 7, 1960.

*Reuben A. Garland, John H. Hudson, Reuben A. Garland, Jr.,* for plaintiff in error.

*Paul Webb, Solicitor-General, Carl B. Copeland, Thomas R. Luck, Jr., Eugene L. Tiller, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General,* contra.