## 21940. CLEMON v. THE STATE.

Candler, Justice. Ralph Aaron Clemon was indicted for murder in Walker County. The indictment was returned during the regular February 1962 term of the superior court of that county. Before arraignment, he filed a plea in abatement in which he alleged that the indictment was, for stated reasons, null and void and that it should for those reasons be quashed and dismissed. His plea in abatement was denied and the questions raised by it will be pointed out and fully dealt with in the rulings we will later make in this opinion. A demurrer which the accused interposed to the indictment was also overruled and there is an exception to that judgment. The case resulted in a verdict convicting the accused of the offense charged with a recommendation for mercy, and he was sentenced to serve the remainder of his life in the penitentiary. He moved for a new trial on the usual general grounds, later amended his motion by adding other grounds and excepted to a judgment overruling his amended motion. *Held:*

1. Art. VI, Section III, Par. I of the Constitution of 1945 provides: "There shall be a judge of the Superior Courts for each judicial circuit, whose term of office shall be for four years, and until his successor is qualified. He may act in other circuits when authorized by law. The legislature shall have authority to add one or more additional judges of the superior court for any judicial circuit in this State, and shall have authority to regulate the manner in which the judges of such circuits shall dispose of the business thereof, and

shall fix the time at which the term or terms of office of such additional judge or judges shall begin, and the manner of his appointment or election, and shall have authority from time to time to add to the number of such judges in any judicial circuit; or to reduce the number of judges in any judicial circuit; provided that at all times there shall be at least one judge in every judicial circuit of this State." *Code Ann.* § 2-3801. The Lookout Mountain Judicial Circuit is composed of Catoosa, Chattooga, Dade and Walker Counties and the Honorable Samuel W. Fariss was the only judge of the superior courts of that circuit when this indictment was returned in the Superior Court of Walker County. The defendant's plea in abatement alleges that the indictment against him is null and void because (1) Judge Fariss was at the time it was returned holding a term of the superior court in Catoosa County and (2) because Governor Vandiver had no legal authority to order Emeritus Superior Court Judge Paschall to hold the regular February term 1962 of Walker County Superior Court while Judge Fariss was still holding a regular term of the superior court in Catoosa County. The plea in abatement therefore raises these two legal questions: (1) Can sessions of the superior courts of the Lookout Mountain Judicial Circuit be legally held in two counties of that circuit concurrently and, (2) did Governor Vandiver have legal authority to order a superior court judge emeritus to hold a regular term of the superior court in a county of the Lookout Mountain Judicial Circuit just because the only judge of that circuit was holding court in another county of his circuit at the same time?

We will dispose of the first of these two questions by holding that there is no law of force in this State which expressly or by necessary implication requires this court to hold that a regular term of the superior court in any one of this State's judicial circuits cannot be held at the time fixed by law for holding it just because the trial of a case in some other county of the circuit has not been completed prior to the time fixed by law for convening the regular term in another county of the circuit. A ruling different from the one here made could frequently paralyze the operation of our superior courts and seriously impede the administration of justice. From this ruling, it necessarily follows that the indictment returned against the accused in the Superior Court of Walker County

was not void because the Superior Court of Catoosa County was also in session when it was returned, and *Hudgins v. State,* 61 Ga. 182, cited and relied on by the defendant does not require a different holding. As to the second question, we hold that Governor Vandiver had ample legal authority under an act which was passed in 1958 (Ga. L. 1958, p. 318; *Code Ann.* § 24-2605a) to direct Emeritus Superior Court Judge Paschall to hold the regular February 1962 term of Walker Superior Court. That act authorizes the Governor to call on such a judge to serve as a judge of the superior court when the regular judge is for some reason unable to serve. The record in this case shows that Judge Fariss was unable to hold the regular February 1962 term of Walker County Superior Court because he was at that time presiding over the trial of a murder case in the Superior Court of Catoosa County which he was unable to finish prior to the time fixed by law for convening the February term of the Superior Court in Walker County.

2. The indictment in this case alleges that the accused did "feloniously, and with malice aforethought with a certain automobile which he had and held, the same being a weapon likely to produce death, make an assault upon Jerry Shook hereinafter referred to as the deceased, and the said accused with said weapon did then and there unlawfully, feloniously, and with malice aforethought, strike, hit, and run against the said deceased and the motorcycle upon which said deceased was driving, thereby giving him a mortal wound, of which the said deceased then and there died, contrary to the laws of said State, the good order, peace and dignity thereof." The defendant demurred to the indictment on the ground that its allegations were insufficient to charge the offense of murder. His demurrer was overruled and he excepted to that judgment. This assignment of error is not meritorious. See *Jones v. State,* 185 Ga. 68 (194 SE 216); and *Wallace v. State,* 216 Ga. 180 (115 SE2d 338).

3. Special ground 1 of the motion for new trial alleges that the judge erred in overruling the defendant's motion to exclude Merl Matthews from the jury panel for cause. The motion to exclude the juror was on the ground that he had "formed and expressed an opinion as to the guilt or innocence of the accused." All that the record shows respecting this is that

the juror when questioned on voir dire said: "I work in Walker and Dade Counties for the State Highway Department. I am pretty much all over the counties. I have heard about this accident; I have read about it in the newspapers. I guess I have formed an opinion about how this accident happened. Yes, I have an opinion as to the guilt or innocence of the accused. There is no bias or prejudice in my mind against the accused, but I do have an opinion before hearing the evidence as to the guilt or innocence of the accused." There is no merit in this ground of the motion. "To disqualify one from being a juror in a criminal case, he must have formed and expressed an opinion, either from having seen the crime committed, or from having heard the testimony under oath. One who from some other source has formed and expressed an opinion which is not fixed and determined, and who indicates his competency by answering the statutory questions on voir dire, is not an incompetent juror." *Wilburn v. State,* 141 Ga. 510, 511 (3) (81 SE 444). See also *Code* § 59-806; *Williams v. State,* 177 Ga. 391 (4) (170 SE 281); *Rouse v. State,* 183 Ga. 551 (188 SE 904); *Johnson v. State,* 209 Ga. 333 (2) (72 SE2d 291); and *Morgan v. State,* 211 Ga. 172, 175 (84 SE2d 365). In the *Williams* case, supra, it was unanimously said: "That a juror has formed or expressed an opinion from rumor or from newspaper reports will not disqualify him unless it appears that the opinion thus formed is so fixed and decided that it would not yield readily to the testimony." This juror was excused by the defendant.

4. Special ground 2 complains because the judge refused to disqualify Robert Grigsby to whom movant objected. The juror to whom objection was made, upon his voir dire examination, was asked: "Have you, from having seen the crime committed, or having heard any of the testimony delivered on oath, formed and expressed any opinion in regard to the guilt or innocence of the prisoner at the bar?" His reply was: ". . . I read about this accident in the Messenger and the Times. I remember the details that I read. I have formed an opinion; I guess I have formed an opinion as to the guilt or innocence of the accused. I have formed an opinion as to the manner in which the defendant was operating his car at the time of the accident. I figured how he was running it. I formed that from what the papers said. Well, I would not say if my mind is fixed as to the guilt or innocence of the

accused and could not be overcome by evidence by the accused, but I think it is pretty well fixed." Movant contends in this ground of his motion that the juror Grigsby's answer to the above quoted voir dire question affirmatively shows that his mind was not impartial between the State and the accused. Presumptively, this juror·was also asked the required statutory voir dire question: "Is your mind perfectly impartial between the State and the accused" and that he answered in the affirmative, for otherwise the judge would have excused him for cause. This juror was excused by the defendant and following the authorities cited in the preceding division this ground of the motion does not show reversible error.

5. During the selection of the jury in this case, William North on voir dire qualified as a competent.juror. He was accepted both by the State and the defendant. As he was going to the juryroom, the solicitor general stated to the court that by "an inadvertent slip of the tongue" he had accepted the juror. North was immediately called back to the jury box and peremptorily stricken by the solicitor general and excused from service by the court. The selection of a jury then continued until a panel of twelve acceptable both to the State and the defendant was selected and duly sworn to try the cause. Special ground 3 of the motion for new trial alleges that the court erred in allowing the solicitor general to strike the juror North after he had been finally accepted both by the State and by the defendant. As to this question, we find no case directly in point but this court has held that it was not erroneous for the court to excuse a juror who had been finally accepted who was disqualified for jury service or physically unable to serve. See *Johnson v. State,* 58 Ga. 491 (2); *Hanvey v. State,* 68 Ga. 612; *Cason v. State,* 134 Ga. 786 (3, 4) (68 SE 554). In the selection of a jury, the State, like the defendant, is entitled to its peremptory strikes and that important right should never be abridged as to either. See *Carr v. State,* 76 Ga. 592 (2). This ground of the motion is not meritorious.

6. There is no merit in the general grounds of the motion for new trial. There was evidence from which the jury was authorized to find that this defendant and Ancil Lee Upshaw were engaged in an automobile race on and along State Highway No. 143 in Walker County at a speed of from 100 to 120 miles

per hour in violation of the provisions of *Code Ann.* § 68-1626; that they, while traveling almost side by side, overtook the deceased who was riding a motorcycle on his proper side of the highway and while he was crossing a bridge; and that both automobiles struck him about the time he crossed the bridge instantly killing him and knocking the motorcycle on which he was riding from 300 to 340 feet from the point of collision. This evidence fully authorized a verdict of murder under *Code* § 26-1009. This court did not write that law but we are sworn to obey and uphold it. Therefore, given the facts that the defendant and Upshaw were unlawfully engaged in racing automobiles on a public highway and at a rate of speed far in excess of that fixed by law, the defendant was undoubtedly committing unlawful acts which naturally tend to destroy human life and that death resulted therefrom. So long as this law stands, the conviction of the defendant cannot be judicially held to be unauthorized by the evidence. For similar cases where this court has sustained murder verdicts, see *Jones v. State,* 185 Ga. 68, supra; *Hardy v. State,* 209 Ga. 361 (72 SE2d 723); *Well v. State,* 210 Ga. 422 (80 SE2d 153); *Hammond v. State,* 212 Ga. 186 (91 SE2d 615); *Kemp v. State,* 214 Ga. 558 (105 SE2d 582) and *Wallace v. State,* 216 Ga. 180, supra.

*Judgment affirmed. All the Justices concur, except Head, P. J., Mobley, and Quillian, JJ., who dissent from Divisions 3, 4, and 5, and from the judgment of affirmance.*

ARGUED FEBRUARY 11, 1963—DECIDED MARCH 25, 1963—REHEARING DENIED APRIL 4, 1963.

*McClure & Campbell,* for plaintiff in error.

*Earl B. Self, Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.