22035. GETER v. THE STATE.

Argued May 13, 1963—Decided June 18, 1963.

128

.  .  .

A. *Hugh Leatherwood, Sr.*, for plaintiff in error.

*Dan Winn, Solicitor General, Eugene Cook, Attorney General, Rubye G. Jackson, Assistant Attorney General,* contra.

QUILLIAN, Justice. 1. Where, as here, the evidence discloses that the defendant wilfully and wantonly violates statutes designed to insure the safety of the traveling public on the thoroughfares of the State and the natural and probable result of his conduct is to take human life, malice is implied, and if the infractions of the statutes cause the death of another the defendant may be found guilty of murder. *Powell v. State*, 193 Ga. 398 (1) (18 SE2d 678); *Wallace v. State*, 216 Ga. 180 (1), 182 (4) (115 SE2d 338); *Code* § 26-1009.

The evidence authorized the conclusion that the defendant wilfully committed each of the offenses in the manner alleged in the indictment and killed the deceased as therein charged. There is no merit in the insistence that the verdict was without evidence to support it. *Kemp v. State*, 214 Ga. 558 (2) (105 SE2d 582), and cases cited therein.

In passing upon the sufficiency of the evidence we have considered the contention borne out by the record that the testimony of the State's witnesses was not altogether in harmony and some of them contradicted that of others concerning vital issues of the case, for instance: as to whether there was a marked center line on the highway and at the point where the collision occurred, and also as to whether the defendant was on the occasion driving under the influence of intoxicants. However, some of the State's witnesses, in some instances, corroborated by the defendant's witnesses and his own testimony, did furnish proof of every material allegation of the indictment. The discrepancies and conflicts in the evidence given by the witnesses is a problem which addresses itself to the jurors, "the doctors of doubt," in arriving at the truth of the case. *Berry v. State*, 10 Ga. 511 (8); *Almand v. State*, 149 Ga. 182, 184 (4) (99 SE 795).

Particularly applicable here is the pronouncement of *Barber v. State*, 3 Ga. App. 598, 600 (60 SE 285): "The fact that a witness introduced by the State testified in behalf of the defend-

ant, or at least testified to a state of facts which showed that the defendant could not be guilty of the offense charged, at the time and place with reference to which he was accused, is of no consequence after a verdict of guilty, if other evidence was introduced by the State sufficient to authorize conviction." One witness as to each fact necessary to make out a case submitted to the jury supports a verdict, although the testimony is contradicted by any number of other witnesses. *Moseley v. City of Thomasville,* 9 Ga. App. 500 (1) (71 SE 765); *Hayslip v. Liberty Mut. Ins. Co.,* 72 Ga. App. 509 (1) (34 SE2d 319).

■ Grounds 1 and 2 of the amended motion for new trial attack the judge's charge as being confusing and unduly restricting the consideration of the jury to particular issues of the case to the exclusion of other material issues. The charge, read as a whole, is not confusing but was a clear enunciation of the law of the case, and gave full and fair instructions as to every issue of the case. The time honored rule of practice is observed: "An exception to an excerpt from a charge because of incompleteness of statement of a particular legal proposition is not good when the incompleteness is supplied in appropriate context by the general charge." *Spence v. Morrow,* 128 Ga. 722 (2) (58 SE 356). "Where an excerpt from a charge isolated from its context appears to be confusing, but, when construed with the remainder of the charge, is plain and explicit, a ground of a motion for new trial that segregates the excerpt from the whole charge and attacks it as misleading or confusing is without merit." *Glover v. Maddox,* 98 Ga. App. 548 (7) (106 SE2d 288). See *City Council of Augusta v. Tharpe,* 113 Ga. 152 (2) (38 SE 389); *Central of Ga. R. Co. v. Cole,* 135 Ga. 72 (2) (68 SE 804).

*Judgment affirmed. All the Justices concur, except Head, P. J., and Mobley, J., who dissent.*

HEAD, Presiding Justice, dissenting. The uncontradicted evidence for the State shows that immediately preceding the collision which resulted in the death of the deceased the first of four cars (the fourth car being the one operated by the defendant) slowed down or stopped to turn off the highway. Guy Matthews, a witness for the State, testified in part on direct examination: "My place of business and the highway in front of it is all in

Douglas County. The spot where the collision occurred is in Douglas County. There were three vehicles in front of the '54 Ford [the car operated by the defendant] when I saw it. The one in front was pulling into my place. The others were slowing down, waiting for him to pull in. As they did this I noticed the '54 Ford when it came in behind the third car and came out around on the other side of the road into the path of the Rambler [the car occupied by the deceased.]" On cross-examination the witness testified in part: "Frank Ellison's car was on the highway just before the accident, followed by three cars, the third of which was the defendant's vehicle. Frank Ellison's car slowed up to pull into my used car lot, and the other cars behind him was also slowing up, before the defendant's car went around either one of them or attempted to go around either one of them. At the time of the impact I would say his entire car was across the center line."

Jesse Willis, the other eye-witness who testified for the State, testified in part on direct examination: "I saw him [Frank Ellison] coming down the road and there were two cars behind him as he went to turn in. One of the cars was a pretty good distance behind him, and as he slowed up, one car put on its brakes and his tires made a squealing sound, you know, and I looked up and this '54 model green Ford was coming down the road at a pretty high rate of speed, and I knew he was going to hit something if he didn't slow down, I didn't know whether he was going to come through the car lot or hit those cars in the rear, or what, but I don't believe he ever made any attempt to put on his brakes, if he did I never heard it, he just swerved out from behind the third automobile and immediately hit this gentleman right here that was driving the Rambler station wagon head-on. I never seen nothing like that before."

The testimony of these two witnesses for the State shows that the defendant was confronted with an emergency not resulting solely from his own acts, and presents the theory of accident based upon an error in judgment by the defendant. The trial judge properly charged the jury on accident. Under these facts it is my view that, while a verdict of manslaughter would have been authorized (under other testimony in the case), there is a

total failure of facts to show such a wanton and wilful disregard for human life as to authorize a presumption of malice. *Myrick v. State*, 199 Ga. 244, 248 (34 SE2d 36). Since there can be no murder without malice, either express or implied, *Wallace v. State*, 216 Ga. 180 (115 SE2d 338), neither of which appears from any direct testimony, or from any inference supported by the testimony, the verdict for murder was, in my opinion, wholly unauthorized, and the defendant's motion for a new trial on the general grounds should have been granted.

I am authorized to say that Mr. Justice Mobley concurs in this dissent.