## 48828. COLQUITT v. THE STATE.

HALL, Presiding Judge. On this appeal from the denial of a new trial motion following a burglary conviction and five-year sentence, Morris Colquitt argues that there was insufficient evidence to authorize the conviction.

This contention is without merit. The arresting officer testified that he saw Colquitt and another emerge at night from a door to the A Box Storage Company; he positively identified Colquitt as one of these two men; he saw them enter an automobile; Colquitt drove; when stopped, the car was found to hold numerous items later determined to have been stolen from the company; the lock on the door of the company had been pried off. A company representative identified the automobile in question as one which Colquitt had driven on other occasions when he had worked for the company temporarily.

Colquitt's testimony was that he and a friend with whom he had

been drinking had been walking home when in the lot of the A Box Storage Company they had seen the friend's car which had been loaned to two others earlier in the evening; they had gotten into the car and the friend had driven it off; the car already had the stolen items in it and Colquitt merely thought someone was moving. He testified that the officer's testimony that he emerged from the building and drove the car was all lies, and the company representative's identification of the automobile as one Colquitt had driven before was also a lie.

There was a direct conflict in the evidence presented to the jury, who were required to resolve that conflict (*Geter v. State,* 219 Ga. 125 (132 SE2d 30)), by weighing the evidence, including the credibility of the witnesses. The jury obviously believed the officer and disbelieved Colquitt as it was their exclusive right to do. *Pinion v. State,* 225 Ga. 36 (165 SE2d 708). The jury was correctly charged on the law of circumstantial evidence and was authorized by the evidence presented to find that every reasonable hypothesis save that of the guilt of the accused had been excluded. The cases cited by Colquitt, mainly concerning liquor possession and gaming, are inapposite to this burglary charge; here we have considerably more than mere presence, or presence coupled with flight. The jury having been authorized by the evidence to find the defendant guilty, the trial court did not err in overruling the new trial motion on the general grounds.

*Judgment affirmed. Deen and Stolz, JJ., concur.*

SUBMITTED JANUARY 15, 1974 — DECIDED JANUARY 24, 1974.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, R. Andrew Weathers, Carter Goode,* for appellee.